AGNES FOLEY, Respondent, *v.* STATE OF NEW YORK, Appellant.
(Claim No. 25961.)

HARRY A. FOLEY, Respondent, *v.* STATE OF NEW YORK, Appellant.
(Claim No. 25962.)

EUGENE F. FOLEY, Respondent, *v.* STATE OF NEW YORK, Appellant. (Claim No. 25963.)

HARRY A. FOLEY, Respondent, *v.* STATE OF NEW YORK, Appellant.
(Claim No. 25964.)

AUDREY C. FOLEY, Respondent, *v.* STATE OF NEW YORK, Appellant.
(Claim No. 25965.)

JANET FOLEY, Respondent, *v.* STATE OF NEW YORK, Appellant.
(Claim No. 25966.)

WILLIAM E. FOLEY, Respondent, *v.* STATE OF NEW YORK, Appellant. (Claim No. 25967.)

Argued March 5, 1945; decided May 24, 1945.

*Nathaniel L. Goldstein, Attorney-General (Henry S. Manley and Orrin G. Judd* of counsel), for appellant. I. Section 8 of the Court of Claims Act is not an assumption of liability by the State for damages resulting from its maintenance of traffic lights, a function for which its municipalities are not liable. (*Cleveland* v. *Town of Lancaster,* 239 App. Div. 263, 264 N. Y. 568; *Parsons* v. *City of New York,* 248 App. Div. 825,

273 N. Y. 547; *Murphy* v. *Village of Farmingdale*, 252 App Div. 327, 276 N. Y. 690; *Paige* v. *State of New York*, 269 N. Y. 352; *Bloom* v. *Jewish Board of .Guardians*, 286 N. Y. 349; *Holmes* v. *County of Erie*, 291 N. Y. 798.) II. Failure of the traffic light bulb by burning out, undiscovered for twenty-one hours before occurrence of the collision, was not prima facie evidence of negligent maintenance. III. Assuming that the traffic light failure and failure to discover it was prima facie evidence of negligent maintenance, it was overcome by the State's proof. IV. The bulb failure was not the proximate cause of the collision, and the claimants were not free from contributory negligence. (*Ward* v. *Clark*, 232 N. Y. 195; *Shea* v. *Judson*, 283 N. Y. 393; *Ferraro* v. *Garden City Park Fire Commissioners*, 259 App. Div. 121; *Slavik* v. *Cab Transportation Corp.*, 267 App. Div. 98; *Plunkett* v. *Heath*, 1 N. Y. S. 2d 778; *Adams* v. *Berkun*, 2 N. Y. S. 2d 98.)

*Alfred L. Hetzelt* and *Samuel Sapowitch* for respondents. I. Section 8 of the Court of Claims Act when construed in connection with the sections of the Vehicle and Traffic Law, must be held to be an assumption of liability by the State for damages resulting from its negligent erection, operation or maintenance of its traffic light. (Vehicle and Traffic Law, §§ 95-a–95-k; *Slavin* v. *State of New York*, 249 App. Div. 72; *Egan* v. *State of New York*, 255 App. Div. 825; *McArdle* v. *State of New York*, 251 App. Div. 773; *Kline* v. *State of New York*, 253 App. Div. 788; *Paige* v. *State of New York*, 269 N. Y. 352; *Jackson* v. *State of New York*, 261 N. Y. 134; *Bloom* v. *Jewish Board of Guardians*, 286 N. Y. 349; *Holmes* v. *County of Erie*, 291 N. Y. 798; *Sipple* v. *The State*, 99 N. Y. 284; *Augustine* v. *Town of Brant*, 249 N. Y. 198; *Dulinak* v. *State of New York*, 177 Misc. 368.) II. The questions of the State's negligence in the maintenance of the signal light and of the claimants' contributory negligence were questions of fact which have been determined favorably to the claimants. III. Claimants were free from contributory negligence. IV. The negligent maintenance of the traffic signal light was the proximate cause or one of the proximate causes of the collision. (*Lee* v. *City Brewing Corporation*, 279 N. Y. 380; *Dulinak* v. *State of New York*, 177 Misc. 368, 177 Misc. 372, 262 App. Div. 1064; *Gardner*

v. *Friederich,* 49 N. Y. S. 1077, 25 App. Div. 521, 163 N. Y. 568; *O'Neill* v. *City of Port Jervis,* 253 N. Y. 423; *Stanley* v. *Woolworth Company,* 153 Misc. 665; *Halstead* v. *Village of Warsaw,* 43 App. Div. 39; *Schermerhorn* v. *N. Y. C. & H. R. R. R. Co.,* 33 App. Div. 17; *Schubart* v. *Hotel Astor, Inc.,* 168 Misc. 431; *Sweet* v. *Perkins,* 196 N. Y. 482; *Rosenholz* v. *Shattuck Co.,* 112 Misc. 468; *Hall* v. *New York Telephone Co.,* 159 App. Div. 53; *Clark* v. *New York Hotel Statler Co., Inc.,* 223 App. Div. 237.)

LEWIS, J. At a point in the Town of Amherst, Erie County, two miles northeast of Buffalo, a State highway known as Union Road intersects Wehrle Drive at right angles. At that intersection traffic is controlled by an electrically illuminated signal device equipped with red and green lights which face two-way traffic on each highway and are so arranged that when lights are red facing northbound and southbound traffic on Union Road the lights facing eastbound and westbound traffic on Wehrle Drive are green, and vice versa. At eleven o'clock on the morning of Sunday, August 4, 1940, an automobile driven by the respondent Audrey Copeland Foley, in which the other four respondents were passengers, was proceeding easterly on Wehrle Drive when it collided at that intersection with an automobile driven by Ethel Mendy which was proceeding northerly on Union Road. When the Foley car reached a point 150 to 200 feet west of the intersection its driver saw the Mendy car approaching the intersection from the south along Union Road. The speed of the Foley car, which had been reduced when the light was red against it, increased when the light turned green. When the car entered the intersection it was struck on its right side by the northbound Mendy car.

The evidence is not disputed that at the time of the collision all lights in the traffic control signal were operating except the red light facing the Mendy car as it approached Wehrle Drive; that when the light facing the eastbound Foley car was green, the light which then should have shown red against the approaching northbound Mendy car was blank by reason of the failure of an electric bulb which had burned out prior to 2:30 P.M. of the previous day and had not been replaced.

The impact of the Mendy car overturned the Foley car causing the respondents personal injuries and property damage for

which claims were filed against the State based upon alleged negligence in the maintenance of the traffic control signal. The present appeals by the State are by our permission from judgments entered upon orders of the Appellate Division which affirmed unanimously awards made to the respondents.

Resisting judgments thus rendered against the State the Attorney-General concedes upon the present appeals that " there are no issues of fact or as to the support for the findings of fact which were made, but only issues concerning the conclusions of law which were based upon certain uncontradicted testimony and findings." Upon that concession the argument is advanced that there has been no assumption of liability by the State for damages resulting from negligence involved in its maintenance of traffic lights.

We do not agree with that statement of law when applied to the facts now before us. By article 7 of the Vehicle and Traffic Law the Legislature created the State Traffic Commission and prescribed its functions. By section 95-a of that article it is provided that " The state traffic commission shall have the power and *it shall be its duty* to regulate the type, location, erection, *maintenance* and removal of all traffic control signals and signal lights on or along any state highway maintained by the state, and *every such signal or light shall hereafter be maintained at the expense of the state.*" (Emphasis supplied.) The traffic control signal here involved was erected on Union Road, a " state highway maintained by the state." It also appears from unreversed findings by the Court of Claims — " That the maintenance of Union Road and the traffic lights on said road were taken over completely by the State of New York and maintained solely by the Department of Public Works Division of highway approximately four years prior to August 4, 1940, the date of the accident herein "; that " it was the duty of the members of the Police Force of the Town of Amherst while daily touring the road and passing this traffic light to look at it and see if it was working right, and if it was not, to report it to the State Highway Department." If, as has been found by the Court of Claims and the Appellate Division, the State, at the time of the accident here involved, had failed properly to perform the statutory duty it had undertaken to maintain the lights in the traffic control signal on Union Road, we think such

breach of duty is made actionable by the State's waiver of immunity from liability declared by section 8 of the Court of Claims Act: " The state hereby waives its. immunity from liability and action and hereby assumes liability and consents to have the same determined in accordance with the same rules of law as applied to actions in the supreme court against individuals or corporations, provided the claimant complies with the limitations of this article."

We have had occasion to say that " By section 12-a [now § 8 of the Court of Claims Act] liability when proved by the rules of law applicable to individuals, has been affirmatively assumed [by the State] and jurisdiction to determine whether such a liability has been proved is conferred upon the Court of Claims." (*Jackson* v. *State of New York*, 261 N. Y. 134, 138; see, also, *Holmes* v. *County of Erie*, 291 N. Y. 798; *Bloom* v. *Jewish Board of Guardians*, 286 N. Y. 349, 353; *Paige* v. *State of New York*, 269 N. Y. 352, 356.)

Upon the facts of record before us we cannot rule as matter of law, as the Attorney-General would have us do, that the failure of the traffic light bulb — unreplaced for at least twenty-one hours before the accident — was not prima facie evidence of negligent maintenance; or, if it be assumed that the traffic light failure and omission to discover it was prima facie evidence of negligent maintenance, that it was overcome by the State's proof of the practice it had adopted for bulb replacements. Nor can we say as matter of law upon this record that the bulb failure was not the proximate cause of the collision which occurred, or that the acts of the claimants constituted contributory negligence. " Several acts may occur to produce a result, one or more being the proximate cause. (*Ring* v. *City of Cohoes*, 77 N. Y. 83; *Ivory* v. *Town of Deerpark*, 116 N. Y. 476.) When varying inferences are present, a jury question is raised. (*O'Neill* v. *City of Port Jervis*, 253 N. Y. 423.)" (*Carlock* v. *Westchester Lighting Co.*, 268 N. Y. 345, 349.)

The judgments should be affirmed, with costs.

LEHMAN, Ch. J. (dissenting). I agree that by the provisions of the Vehicle and Traffic Law the duty is imposed upon the State to " maintain the signal lights placed by authority of the state " on or along any State highway maintained by the

State. The Department of Public Works, Division of Highways, is the agent of the State in carrying out the statutory duty imposed upon the State and the State has assumed liability for negligence of its agent in carrying out that duty. To establish their claims in these cases the claimants must, however, prove that their injuries resulted from the negligence of the agent of the State. In my opinion proof that a bulb in the traffic signal was not replaced within twenty-one hours after it ceased to function is insufficient to establish negligence in the maintenance of the light where the division or department of highways charged with duty to maintain the light had no notice that it was not functioning and where it was the practice of the department to replace the bulbs after reasonable periods of use. No duty to inspect the lights in the interval rested upon the highway division or department and negligence, if any, by members of the police force of the Town of Amherst in failing to note that a light was not functioning and to report that fact to the State Highway Department would not be the negligence of agents of the State in carrying out the statutory duty assumed by the State and would not be imputed to the State or give rise to liability of the State under " the same rules of law as applied to actions in the supreme court against individuals or corporations."

It also appears as a matter of law that the proximate cause of the accident was the negligence of the driver of the Mendy car in crossing the intersection after the green light was extinguished.

The judgments should be reversed and claims dismissed.

LOUGHRAN, CONWAY and DESMOND, JJ., concur with LEWIS, J.; LEHMAN, Ch. J., dissents in memorandum, in which THACHER and DYE, JJ., concur.

Judgments affirmed.