In the Matter of FRED W. GREENWOOD, Respondent, against RUTH TAYLOR, as Commissioner of Public Welfare, Defendant, and HELEN C. YOUNG, as Director of the Department of Public Welfare, Appellant.— Appeal by defendant Helen C. Young, Director of Public Welfare, Westchester County, from an order dated November 10, 1945, directing her to pay $45 to the respondent for old age assistance for the months of February, 1945, and March, 1945, and denying her cross motion to dismiss the petition on the ground that it is insufficient on the face thereof.  Order reversed on the law, without costs, the motion of respondent denied, without costs, and the cross motion of Helen C. Young, as Director of the Department of Public Welfare, granted, without costs.  The petition by fair implication alleges a demand for the checks, as it expressly alleged a refusal to turn them over.  The petition, however, is insufficient in that it did not allege facts showing that respondent had availed himself of his right of appeal to the State Department of Public Welfare, pursuant to section 214 of the Social Welfare Law, or facts establishing a clear legal right to a mandamus order.  Order dated December 8, 1945, granting permission to appeal from the order dated November 10, 1945, upon condition that appellant pay certain expenses of the appeal, insofar as appealed from, unanimously affirmed, without costs.  No opinion.  Carswell, Acting P. J., Johnston, Adel, Aldrich and Nolan, JJ., concur. [See *post*, p. 1024.]

JOAN T. JACOBSEN, an Infant, by GUNVOR J. HANSEN, Her Guardian ad Litem, et al., Respondents, v. ISIDORE WISOTSKY, Appellant.— Action by the infant plaintiff to recover damages for personal injuries claimed to have resulted from the negligent operation of a truck by one of defendant's employees, and by her mother for medical expenses and loss of services.  Judgment was entered on the verdict of a jury in favor of the plaintiffs.  The defendant appeals.  Judgment reversed on the law and the facts and a new trial granted, with costs to appellant to abide the event.  The prejudicial remarks and conduct of plaintiffs' counsel during the course of the trial, and the unfair arguments continued at length in the summation to the jury require a new trial.  Lewis, P. J., Hagarty, Adel, Aldrich and Nolan, JJ., concur.

VINCENT MEZZOTERO et al., Respondents, v. CITY OF NEW YORK, Appellant.— Action to recover damages for personal injuries, loss of services and medical expenses resulting from the alleged negligence of defendant's servants in prematurely closing a subway door.  Judgment in favor of plaintiffs affirmed, with costs.  The verdict is not attacked as against the weight of the evidence.  We cannot hold as a matter of law that there was no evidence of the alleged negligence or that such negligence was not the proximate cause of the injuries suffered by respondent Vincent Mezzotero.  (See *Foley* v. *State of New York*, 294 N. Y. 275, 280.)  Lewis, P. J., Hagarty, Adel and Nolan, JJ., concur; Carswell, J., dissents and votes to reverse the judgment and to grant a new trial on the ground that no breach of duty by defendant was established, and on the further ground that the verdict is against the weight of the evidence.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. PETER BAJARDI, Appellant.— Judgment of a city magistrate, holding a Court of Special Sessions of the City of New York, Borough of Queens, convicting defendant of a violation of section 225 of the Sanitary Code of the City of New York (failure to provide heat), reversed on the facts, the complaint dismissed, and the fine remitted.  There is no evidence in the record upon which guilt may be predicated.  Lewis, P. J., Hagarty, Carswell, Johnston and Adel, JJ., concur.