Per Curiam.

We think that the failure to properly maintain the stop sign, if there was such a failure, was not the proximate cause of the collision of the vehicles. If there had been no stop sign erected at the intersection, it was Sawyer’s duty to grant the right of way to the Nuss car. His failure to do so was the proximate cause of the accident, and was an independent and *302 intervening cause of the accident, even if it he assumed that there was a failure on the part of the State to properly maintain the stop sign. To hold that the failure to maintain the sign was a proximate cause of the collision, requires us to infer, first, that Sawyer would have seen a properly maintained sign and, second, that if he had seen it, he would have complied with the law and stopped his car before proceeding into the intersection, and third, based upon the two foregoing inferences, we would then be required to draw the inference that the collision would have been avoided. This is nothing but speculation and supported by no proven facts.
The case of Foley v. State of New York (294 N. Y. 275, 279) is not in point. In that case, the light turning from red to green facing the Foley car was an invitation to Foley to proceed. No red light appeared to confront the driver of the Mendy car and she was not warned to stop. The court there held that the State had a “ statutory duty * * * to maintain the lights in the traffic control signal ”. It is to be noted that the words of that statute (Vehicle and Traffic Law, § 95-a) require the State Traffic Commission to maintain such traffic lights. The provisions of section 95-d of the statute are not mandatory. It is there provided: “ The state traffic commission may in its discretion order erected and maintained on any or all roads or highways which intersect a state highway, suitable signs, signals and markings warning drivers of vehicles of such intersection * *
We also are of the opinion that many of the findings of the court are against the weight of evidence. The testimony of the witnesses as to the visibility of the stop sign is conflicting. In such a case, the photographs received in evidence should have been the deciding factor. These clearly indicate that the stop sign was visible and constituted a warning to a prudent driver that he was approaching an intersection at which it was his duty to stop his vehicle before crossing.
The judgment should be reversed on the law and facts without costs of this appeal to either party, and the claim should he dismissed, without costs. Certain findings of fact disapproved and reversed and new findings made.