McCurn, J.
(dissenting). While it was within the discretion of the State Traffic Commission to order the erection and maintenance of the stop sign in question, once the order was made and the sign erected, it became the statutory duty of the State to so maintain it so that it ‘ ‘ shall be plainly visible at all times for a distance of at least fifty feet ” (Vehicle and Traffic Law, *303 § 95-d; Foley v. State of New York, 294 N. Y. 275). Like section 95-a of the Vehicle and Traffic Law considered in Foley v. State of New York, section 95-d under consideration here, was designed to protect travelers on the intersecting highways from the hazard of injury and damage by collision (see Steits v. City of Beacon, 295 N. Y. 51, 56). The stop sign by force of the statute (Vehicle and Traffic Law, § 95-d) directs the driver of a vehicle to bring his vehicle to a full stop before entering the intersection and thereafter to proceed with caution so as not to interfere with or endanger traffic. The statute provides that any person failing to obey such direction shall be deemed guilty of its violation and upon conviction subject to punishment as provided in section 91 of the Vehicle and Traffic Law. Obviously the statutory mandate to maintain the sign so that it ‘ ‘ shall be plainly visible at all times for a distance of at least fifty feet ” is an essential and vital part of the statute. Where the neglect of the State to perform its statutory duty results in injury and damage to one for whose protection the statute was enacted, a cause of action properly accrues in favor of the injured party (Foley v. State of New York, supra; Steits v. City of Beacon, supra).
The findings of the Court of Claims to the effect that the stop sign and the standard upon which it was attached were in such a state of disrepair and that the weeds and other vegetation surrounding it had grown up so that on the night in question and for sometime prior thereto it was not plainly visible for a distance of fifty feet from the north, are in my opinion neither contrary to or against the weight of evidence and should be affirmed. The photographic exhibits are of doubtful value upon the question of the visibility of the sign. They were taken the day after the accident. The trial court apparently viewed them in the light of the testimony of the witnesses who stated that the tall grass, weeds, etc., had been trampled down the night of the accident by persons examining the stop sign so that the photographs taken the next day did not accurately portray the situation as it existed at the time of the accident.
It is to be presumed that when the State Traffic Commission ordered the erection and maintenance of the stop sign it had concluded that conditions at the intersection and the flow of cross traffic was such as to render the intersection dangerous, at least to such a degree as to require regulation of traffic by means of stop signs.
The fact that there is no direct proof that even if the stop sign had been visible Sawyer would have obeyed its directions rather *304 than rendering himself guilty of its violation and subject to punishment, is not a decisive factor here. Competent proof after the event of what might have happened is usually not available. In numerous cases based upon the State’s duty to erect and maintain highway signs, the absence of such proof has been no impediment to an award (see Van De Walker v. State of New York, 278 N. Y. 454, and Barna v. State of New York, 267 App Div. 261, affd. 293 N. Y. 877).
An invitation to enter the intersection such as the presence of a green light facing Miss Foley in Foley v. State of New York is not an element necessary to establish proximate cause. The failure to warn where the duty to warn is present — and here it. is a statutory duty — has often been found to constitute proxi mate cause (Van De Walker v. State of New York, supra; Barna v. State of New York, supra).
There was no negligence established on the part of claimant’s intestate. Sawyer’s acts whether viewed as negligent, or the result of an error of judgment in an emergency, did not as I view it supersede the negligence of the State. Sawyer had been over this road but twice before. On each prior occasion he had driven in the opposite direction and in the daytime. Taking Sawyer’s version of his own conduct, he testified that he was watching the road on both sides and alert for traffic signals. He contends that he did not know he was approaching an intersection until he was quite near the intersection when he saw the lights of the Nuss car. He thought he lacked sufficient space in which to stop and tried to escape collision with the Nuss car by speeding up and attempting to pass in front of it. It was just such a situation as this that the stop sign was designed to prevent. With the stop sign not plainly visible there was no direction to Sawyer to come to a full stop and thereafter to proceed with caution. It was readily foreseeable that some such accident would happen. Presumably that is why the State Traffic Commission ordered the erection and maintenance of the stop sign. In that situation the fact that the acts of the drivers of the cars intervened to bring about the accident does not create a superseding cause, especially where the original wrongdoer could have anticipated that the intervening acts might naturally follow (1 Shearman and Red-field on Negligence [Rev. ed.], § 38; Restatement, Torts, §§ 447, 449, 452; Carlock v. Westchester Lighting Co., 268 N. Y. 345). The mere fact that the State’s negligence alone was not enough to produce the injury without the co-operation of the drivers of the cars does not break the chain of causation or relieve the State *305 from liability (DeHaen v. Rockwood Sprinkler Co., 258 N. Y. 350).
In my view of it the negligence of the State in failing to maintain the stop sign as required by the statute started a chain of events which culminated in this accident, and regardless of whether or not Sawyer was negligent the State’s failure to maintain the sign so that it would be plainly visible is one of the proximate causes of the accident.
I dissent and vote for affirmance.
All concur in Per Curiam opinion, except MoCurn, J., who dissents and votes for affirmance in a separate opinion. Present — Taylor, P„ J., McCurn, Love, Kimball and Piper, JJ.
Judgment reversed on the law and facts, without costs of this appeal to either party, and claim dismissed, without costs. Certain findings of fact disapproved and reversed and new findings made.