JOHN B. MURPHY et al., Respondents, v. EVERETT W. DE REVERE, JR., Respondent; SALVATORE TARANTELLI et al., Defendants, and THE PRESIDENT AND TRUSTEES OF THE VILLAGE OF OSSINING, Appellants.—

When the village ordained Croton Avenue as a main artery of travel pursuant to the authority contained in subdivision 2 of section 90 of the Vehicle and Traffic Law, the statute imposed on it the duty to erect and maintain a "stop" sign on Brookville Avenue near the intersection, and a failure properly to maintain the sign gives rise to a tort liability. It was a question of fact for the jury to determine whether the failure properly to maintain the sign was one of the proximate causes of the accident. (*Nuss* v. *State of New York*, 301 N. Y. 768; *Foley* v. *State of New*

*York*, 294 N. Y. 275.) The verdict in favor of plaintiff Mae Murphy is excessive. Present — Carswell, Acting P. J., Johnston, Adel, Wenzel and MacCrate, JJ.