Fred A. Young, J.
At a point in the Village of Williamson, Wayne County, New York, a State highway designated as Route 21, which runs generally in a north-south direction, intersects at right angles with Ridge Road. At that intersection traffic is controlled by a four-way signal device known as a stop light and this device is so arranged that when lights are red facing eastbound and westbound traffic on Ridge Road, the lights facing-northbound and southbound traffic on Route 21 are green, and vice versa. From approximately 9:00 p.m., until 9:00 a.m., the pattern of these lights changes in that the lights facing traffic on Ridge Road flash red and the lights facing traffic on Route 21 flash yellow. The facts are uncontroverted that the State of New York maintained and controlled this signal device.
At nine o ’clock on the morning of May 11, 1958, the stop light was not functioning properly and at that time a State Trooper at the Williamson substation was so notified. This claim arose as a result of an accident which occurred on that day, at approximately 10 o ’clock in the evening, when an automobile driven by claimant, Elsie Thorne, was proceeding westerly on Ridge Road and collided at this intersection with another automobile proceeding- southerly on Route 21. There is no dispute that the light facing- westbound traffic on Ridge Road was still inoperative at the time of the accident.
Claimants contend that the State of New York was negligent in that, having over 12 hours ’ notice of the malfunctioning light, failure to remedy this condition was the proximate cause of the accident. With this the court fails to agree. There is no question that the State is duty bound to warn users of its highways of existing hazards and this court is not unmindful of the many cases involving accidents at intersections where judgments have been upheld against the State or municipalities for failing to maintain stop signs or stop lights as required by statute. (See Murphy v. De Revere, 304 N. Y. 922; Eastman v. State of New York, 303 N. Y. 691; Nuss v. State of New York, 301 N. Y. 768; Foley v. State of New York, 294 N. Y. 275.) (See Vehicle and Traffic Law, § 95-d, now repealed and covered by § 1621.)
In all these cases, however, it was, at the very least, reasonable to infer that the negligence of the State or municipality was the proximate cause of the accident. In the case at bar such an inference cannot be established by the proof. Claimant, Elsie Thorne, testified that she saw the intersection sufficiently in advance to reduce her speed to 15 miles per hour before entering it. Her husband, claimant Lester Thorne, following over two-car lengths behind his wife’s car, testified that he saw her brake *1012 lights go on just prior to entering the intersection. On the other hand, the driver of the southbound car approaching the intersection on Route 21 had reduced the speed of his automobile to less than five miles per hour and observed claimant’s car approaching from the east over 300 feet away. Claimant, Elsie Thorne, further admits that upon arriving at the intersection she glanced to the right or north and not being able to observe any approaching cars, because of a building obstructing her view, continued into the intersection while looking to the left. She then proceeded through without stopping but did attempt to blow her horn immediately prior to the accident and before she could again glance to the right.
Considering at all times herein that the highway was still wet from an earlier rain; that it was night and claimant, Elsie Thorne, was not familiar with the intersection as a frequent user, the court must still find that the weight of evidence absolves the State from liability. Since both drivers approached the intersection at such a slow rate of speed and since the claimant, Elsie Thorne, realized the intersection was a blind one, it becomes obvious that at least a contributing factor to the accident was her failure to look to the right or north before entering the intersection at a point where obstructions did not interfere with her view. This she did not do and as a result she did not see the oncoming car.
These physical conditions and Elsie Thorne’s awareness of them, together with the speed of the cars involved, make it impossible to believe that this accident could not have been avoided had the claimant, or both the claimant and driver of the other car, been free from contributory negligence. (Applebee v. State of New York, 308 N. Y. 502; Ricks v. State of New York, 4 N Y 2d 1.)
The claimants have the burden of proof to establish that Elsie Thorne was free from negligence contributing to this accident and that the proximate cause of the accident was the negligence of the State of New York. This the claimants failed to do and as a result this claim must be and is hereby dismissed.
The question of notice to the State need, therefore, not be discussed.
The foregoing constitutes the written and signed decision of this court upon which judgment may be entered (Civ. Prac. Act, § 440).
Let judgment be entered accordingly.