Chief Judge Desmond (dissenting).
Any court-created tort-immunity rule -should be forthrightly abandoned when its injustice and its unreality are so evident as to produce exceptions, interpretations and inconsistencies galore (Woods v. Lancet, 303 N. Y. 349; Bing v. Thunig, 2 N Y 2d 656; Greenberg v. Lorenz, 9 N Y 2d 195).
The only ground for dismissing this complaint is reliance on Steitz v. City of Beacon (295 N. Y. 51) and its holding that a city’s duty to furnish police and fire protection runs to the general public and not to any individual. Yet in Schuster v. City of New York (5 N Y 2d 75) we allowed recovery to the estate of an informer who failed to get special individualized protection from the police. The Schuster opinion (5 N Y 2d 75, 81 et seq.) lists many instances where, for one reason or another and déspite the Steitz rule (supra), municipalities have been cast in damages to individuals for negligence in the operation of police departments. Similarly, we have upheld recoveries against the State for failure to maintain traffic signals (Foley v. State of New York, 294 N. Y. 275; Nuss v. State of New York, 301 N. Y. 768; Eastman v. State of New York, 303 N. Y. 691). And the State has many times been held liable for failure to protect individuals from the acts of mentally ill persons confined in State institutions (see the decisions cited in Williams v. State of New York, 308 N. Y. 548, 554). There can be little left of the Steitz v. City of Beacon rule (supra) after Runkel v. Homelsky (286 App. Div. 1101, affd. 3 N Y 2d 857). Judgment there went against the city in favor of an injured citizen because the city had violated statutes which required its housing officers to safeguard a privately owned dilapidated building. Weiss v. Fote (7 N Y 2d 579) acknowledged the liability of a municipality for breach of a continuing duty to remedy unsafe conditions but held that the Weiss v. Fote situation itself was not such a failure (see pp. 587-589).
Surely the present case is stronger than Schuster’s (5 N Y 2d 75, supra) where there was imposed on the city liability to *141 a citizen not because of lack of ordinary police protection but for failure of the municipality to give Schuster special individual round-the-clock guardianship not required by any statute or rule. In the present case the city, although put on notice by an earlier fire in the same multiple building caused by the same leaky oil heater, did no more than issue an order to the owner not to use the heater. Nothing was done by the city to abolish the known nuisance (see Multiple Residence Law, former § 305; Penal Law, § 1530) with the consequence that this same heater continued to be used and caused the later fire which killed and injured several people.
The time has come to remove from our law all the remaining vestiges of governmental immunity. We should be done with exceptions and incongruities. We should cut through the wilderness of special instances and say, as we did of hospital immunity in Bing v. Thunig (2 N Y 2d 656, supra), that municipal nonliability for injury-causing breaches of duty is archaic and unjust. Cities should be held to the same standards of conduct as apply to private persons, since risk of liability (and insurance against the risk) is incidental to municipal activities.
The judgment should be reversed and a new trial ordered.
Judges Dye, Fold, Burke and Scileppi concur with Judge Van Voorhis; Chief Judge Desmond dissents and votes to reverse in an opinion; Judge Beegan taking no part.
Judgment affirmed.