ELSIE V. STEURER ET AL. *v*. JOHN YUHASZ ET AL.

SUPERIOR COURT     FAIRFIELD COUNTY     FILE NO. 143860
AT BRIDGEPORT

Memorandum filed January 10, 1972

*Vogel & Sigsway,* of Norwalk, for the plaintiffs.

*Ronald J. Habansky,* of Bridgeport, for the defendants.

ZARRILLI, J. By way of demurrer, the defendant city of Norwalk attacks the legal sufficiency of the second count of the substituted complaint on the ground that the failure of the city to maintain an intersection traffic control stop sign which had been permitted to fall from its pedestal so that it was no longer visible to motor vehicle operators did not create a defective highway within the meaning of General Statutes § 13a-149, which imposes liability on the city for injuries or damage caused "by means of a defective road."

That the highway must be defective is, of course, elementary. The primary question is what constitutes a defective highway within the meaning of the statute. Recovery is allowed where the highway is not reasonably safe "in view of its proper use, and of those events which may naturally be expected to arise as incident to that use, by the traveling public." *Upton* v. *Windham,* 75 Conn. 288, 292; *Hickey* v. *Newtown,* 150 Conn. 514, 518. "[T]he penalty [on the part of the city] may be incurred when a person properly using a highway suffers a personal hurt . . . not due to his culpable conduct nor to that of a fellow-traveler, but being the direct result of the defective condition of the highway in relation to those events naturally incident to its use, and which naturally expose the traveler to danger when happening where the highway is not in a reasonably safe condition." *Upton* v. *Windham,* supra. As stated in *Hewison* v. *New Haven,* 34 Conn. 136, 142, to "define in general terms the precise limits of the duty of towns in these cases is not an easy matter, as each case must depend very much upon its own peculiar circumstances."

It is quite obvious to this court that the city of Norwalk, by deciding to erect a stop sign at this particular intersection, had concluded that without it the intersecting roadways were not reasonably safe for public travel. Consequently, "once a municipality has decided to exercise the discretion vested in it to declare one street a through street and erect a stop sign facing the subordinate street, the stop sign becomes an important part of the physical appurtenances of the street." *O'Hare* v. *Detroit,* 362 Mich. 19, 23. A fortiori, the failure of the city to maintain a stop sign at this particular intersection constituted a defect within the meaning and intent of the statute.

In a closely analogous situation, the Supreme Court of Michigan, in *O'Hare* v. *Detroit,* supra, held the city liable. This court is in accord with the reasoning set forth therein. See also *DeLeo* v. *Orlando,* 29 Conn. Sup. 107, and 18 McQuillin, Municipal Corporations (3d Ed. Rev.) § 53.42, p. 234.

The demurrer is overruled.