■ SIMONE WOOD, as Administratrix of the Estate of LEONARD HOULE, Deceased, Appellant, v STATE OF NEW YORK, Respondent. (Claim No. 65513.) SIMONE WOOD, as Administratrix of the Estate of YVONNE HOULE, Deceased, Appellant, v STATE OF NEW YORK, Respondent. (Claim No. 65514.) HARCO NATIONAL INSURANCE COMPANY OF MILWAUKEE, WISCONSIN,

Appellant, v STATE OF NEW YORK, Respondent. (Claim No. 66703.)—Harvey, J. Appeals from three judgments in favor of the State, entered June 27, 1984, upon a decision of the Court of Claims (Murray, J.).

At approximately 11:00 A.M. on December 9, 1980, a collision occurred at the intersection of State Routes 9 and 11 in the Town of Champlain, Clinton County, involving an automobile being operated by Leonard Houle and a tractor trailer operated by Douglas Efaw. Yvonne Houle, the wife of Leonard Houle, was a passenger in the vehicle operated by her husband. The Houles were killed as a result of the accident.

Route 11 is an east-west highway and Route 9 is a north-south highway. As Route 9 approaches the intersection from the north, the road widens to accommodate two lanes of southbound traffic. The east lane is designed for traffic proceeding through the intersection in a southerly direction. The west lane was designed to accommodate traffic turning right at the intersection in order to proceed west on Route 11. Immediately before the collision, the Houle vehicle was traveling south on Route 9 in the east lane of that highway. The tractor trailer was east bound on Route 11. The operator of that vehicle testified that the Houle automobile came into the intersection when the signal light for Route 11 traffic was green.

Traffic was controlled by two electric traffic signal lights facing traffic approaching from the north. One light was centered over the east lane and the other light over the west lane. Each device consisted of three illuminated lenses with red on the top, amber in the middle and green on the bottom. The red light on each device was 12 inches in diameter and lighted by a 116-watt bulb. The amber and green lights were 8 inches in diameter and lighted by 69-watt bulbs. It is undisputed that the red light of the traffic signal centered over the lane of traffic in which the Houles were proceeding had not functioned for a period of time. One witness testified that it had been out of operation for seven days. A State trooper observed that the light was not operating on the afternoon of the day before the accident. He notified the State Police substation located in the City of Plattsburgh, Clinton County. The trooper at the desk telephoned the home of the person in charge of traffic signal maintenance, but was only able to contact a babysitter who answered the phone. No further action was taken by the State Police. Observations made immediately after the accident established that the light was not functioning at that time.

These three claims were filed claiming that the State had neglected to perform its duty in maintaining the traffic signals at this intersection and that the accident would not have occurred if the traffic signal had actually been operating. The State contended that the traffic signals which were working were sufficient to control traffic at the intersection because the signal in the west lane of Route 9 showed red at all times when the other signal light failed to show red. The Court of Claims agreed with the State and found that the sole proximate cause of the accident was the negligence of Leonard Houle. These appeals ensued.

In nonjury cases, " 'this court's inquiry is not limited to whether the findings were supported by some credible evidence' " (*Koester v State of New York,* 90 AD2d 357, 363, *appeal withdrawn* 58 NY2d 972, quoting *Shipman v Words of Power Missionary Enters.,* 54 AD2d 1052, 1053; *accord, Arnold v State of New York,* 108 AD2d 1021, 1023). If a finding different from that of the trial court would not be unreasonable, this court has the power to weigh the conflicting testimony and inferences that may be drawn from such testimony and can "grant the judgment which upon the evidence should have been granted by the trial court" (*Arnold v State of New York, supra,* p 1023).

Because both occupants of the Houle car died without an opportunity to explain the facts of the accident, we must follow the rule stated in *Noseworthy v City of New York* (298 NY 76) and not hold claimants to the high degree of proof required in a case where the injured person may take the stand and give his version of the happening of the accident. The intersection involved in this case has a history of numerous accidents. Widening Route 9 to establish two southbound lanes approaching the intersection and installing two separate traffic signals facing southbound traffic were efforts to minimize the danger at the intersection. In reconstructing this accident, we must rely upon probabilities and inferences (*Koester v State of New York, supra,* p 364). In so doing, we find it illogical to conclude that the accident would have occurred if the light had been operating properly (*supra,* pp 362-364). At the same time, we find it illogical to conclude that Leonard Houle was free from negligence.

The Department of Transportation has the duty to install, operate and maintain traffic control devices at the intersections of State highways (Vehicle and Traffic Law § 1681). The Department, in the exercise of its judgment, had determined that it was necessary to operate two traffic lights facing

southbound traffic. There had been numerous accidents at the intersection. A knoll located northwest of the intersection blocked the view of a portion of Route 11. We conclude that the Department and the State Police were negligent in failing to make the signal functional or to take other action to warn motorists of the hazard.

On the other hand, we conclude that Leonard Houle was also negligent. He was traveling through a busy intersection. He was in a position to know that a traffic signal showing no illumination was not functioning and that he should enter into the intersection with exceedingly great care. The signal light over the west lane of Route 9 was operating and must have shown red if the lights for east-west traffic on Route 11 were green.

We do not believe, as the Court of Claims concluded, that Leonard Houle's negligence was the sole proximate cause of the accident (see, Foley v State of New York, 294 NY2d 275, 280). We believe that the nonfunctioning light played a substantial role in causing the accident (see, Koester v State of New York, supra, p 364; Coco v State of New York, 123 Misc 2d 653). We consider it most unlikely that this driver, under ordinary circumstances, would fail to observe and fail to heed a light directly over his lane of traffic. There is no evidence showing speed or other reckless conduct on his part. Signal lights are installed to protect all users of the highways, not just the diligent (Foley v State of New York, supra, p 279; see, Coco v State of New York, supra, p 655). The Legislature, in adopting comparative negligence, established the principle that a claimant may recover even though his negligence partially caused the damages (CPLR art 14-A; Dole v Dow Chem. Co., 30 NY2d 143, 153).

We conclude that both Leonard Houle and the State were negligent and that their negligence contributed to the happening of the accident. We apportion that negligence as 75% on the part of Leonard Houle and 25% on the part of the State.

The two claims on behalf of the Houles are for wrongful death. Leonard Houle was 64 years of age and Yvonne Houle was 70 years of age. They each had life expectancies of approximately 13 years. They were survived by a daughter and two sons who were in their late 30's or early 40's. There was no evidence of financial assistance given by the Houles, but the picture portrayed by the evidence indicated that they were loving parents who helped their children in every way possible. The total burial expenses were $4,792.46. We conclude that damages for each of the Houles be set at $25,000.

Because we find no negligence on the part of Yvonne Houle, her estate should have judgment for $25,000. Because of our allocation of fault, the estate of Leonard Houle should have judgment of $6,250.

Claimant Harco National Insurance Company of Milwaukee, Wisconsin (Harco National) was the subrogee of J. & B. International, whose tractor was damaged as a result of the accident. There was no evidence of any negligence on the part of J. & B. International. Therefore, Harco National should have judgment for its property damage in the amount of $8,843.81.

Judgment (in claim No. 65513) reversed, on the facts, with costs, and judgment granted in favor of claimant in the amount of $6,250.

Judgment (in claim No. 65514) reversed, on the facts, with costs, and judgment granted in favor of claimant in the amount of $25,000.

Judgment (in claim No. 66073) reversed, on the facts, with costs, and judgment granted in favor of claimant in the amount of $8,843.81. Main, J. P., Mikoll, Yesawich, Jr., and Harvey, JJ., concur; Weiss, J. dissents and votes to affirm in the following memorandum.

Weiss, J. (dissenting). I respectfully dissent.

The arrangement of the traffic control devices is crucial to claimants' assertion of negligence. There is little dispute that at the time of the accident, the signal was green for vehicles proceeding east or west on Route 11 and red for those proceeding north or south on Route 9. Nor is there any doubt that the red traffic signal for the southbound lane on Route 9 had not been working properly for at least one day before the accident. Significantly, the north face of the additional traffic light situated over the right turn lane had a steady red signal on. It was established at trial that this additional light was within the proscribed 40-degree cone of viewing for southbound traffic in the left lane of Route 9 and, thus, was within clear view of approaching traffic. In addition, a sign was situated along Route 9 several hundred yards north of the intersection warning that the approaching intersection was controlled by a traffic signal. These circumstances prevailing, the Houles' vehicle entered the intersection and the tragic collision occurred.

The Court of Claims concluded that any negligence on the State's part in failing to maintain the center traffic light or to activate a flashing signal was not the proximate cause of the

accident. Rather, the court held that since Leonard Houle failed to stop before entering the intersection despite facing a steady red signal in the right turn lane, the sole proximate cause of the accident was driver failure or some other factor over which the State had no control. I find the determination to be in accord with the weight of the evidence and not contrary to law and, as such, the judgment should be affirmed (*see, Arnold v State of New York,* 108 AD2d 1021; *Picarazzi v State of New York,* 95 AD2d 958; *Koester v State of New York,* 90 AD2d 357, 363, *appeal withdrawn* 58 NY2d 972).

As a general rule, "the absence of a warning sign cannot be excluded as a cause of an ensuing accident unless it is found that the accident would nevertheless have happened" (*Koester v State of New York, supra,* p 362; *see, Rugg v State of New York,* 284 App Div 179, 182). An exclusion may be made where other signs give adequate warning of the danger (*supra; see, Gleich v Volpe,* 32 NY2d 517, 523). In my view, the presence of the additional operating signal, coupled with the advance warning sign, provided adequate warning on the State's part (*cf. Foley v State of New York,* 294 NY 275). By statute, traffic must stop when faced with a steady red signal, absent some other indication to proceed (Vehicle and Traffic Law § 1111 [d] [1]). Very clearly, Leonard Houle was faced with a steady red signal within easy view but failed to stop. The mere fact that the center signal was unlit cannot be deemed a separate indication to proceed. Indeed, the malfunction should have cautioned approaching drivers to be wary. Even were we to assume that Leonard Houle thought the red light controlled only right-hand turns, he was still required to stop absent some proper indication to proceed (Vehicle and Traffic Law § 1111 [d] [3]). Although a Canadian citizen, the record confirms that Leonard Houle had traveled through this same intersection many times before and was thus cognizant of its arrangements. The violation of these statutory requirements constitutes negligence per se (*see,* 8 NY Jur 2d, Automobiles and Other Vehicles, § 571).

Thus, even assuming that the State failed to insure that the center signal was operating properly, the presence of the additional operating signal at the intersection which Leonard Houle ignored confirms that any negligence of the State was not the proximate cause of the accident (*see, Koester v State of New York, supra; Rugg v State of New York, supra*). Since liability may attach against the State only where an accident is a natural and probable consequence of the State's negligence (*see, Schichler v State of New York,* 110 AD2d 959), the

instant claims were properly dismissed. Accordingly, I would affirm the judgments of the Court of Claims.