[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This case arises from a motor vehicle accident on a public highway in the City of Waterbury. The plaintiff alleges in his complaint that on August 17, 1988, the named defendant, Dayton Construction Co. ("Dayton") was performing construction activities relating to work on a water main at Perkins Avenue in Waterbury. The plaintiff was a passenger in an automobile, travelling west on Perkins Avenue, which was directed by Dayton's signs to drive in the westbound lane. At the same time, another automobile was directed by Dayton's signs to proceed eastward in the westbound lane. A head-on collision ensued, causing various injuries to the plaintiff. CT Page 1449
The plaintiff has sued both Dayton and the City of Waterbury. His second count (the one at issue here) claims that the City negligently hired Dayton, that it failed to order the street closed during the construction, that it failed to post an officer at the site to direct traffic, and that it failed to properly warn motorists of the dangerous condition. The city has moved to strike the second count, claiming that under Conn. Gen. Stat. Sec.52-557n, which restricts the liability of political subdivisions of the state, an action can only be brought under the (comparatively restrictive) defective road statute, Sec. 13a-149. For the reasons discussed below, the motion to strike is denied.
Conn. Gen. Stat. Sec. 52-557n(a)(1) provides that,
 Except as otherwise provided by law, a political subdivision of the state shall be liable for damages to person or property caused by: (A) The negligent acts or omissions of such political subdivision or any employee, officer or agent thereof acting within the scope of his employment or official duties. . . and (C) acts of the political subdivision which constitute the creation or participation in the creation of a nuisance; provided no cause of action shall be maintained for damages resulting from injury to any person or property by means of a defective road or bridge except pursuant to section 13a-149.
In drafting this statute, the legislature drew a distinction between negligent acts or omissions, on the one hand, and defective roads or bridges, on the other. This distinction is not an altogether helpful one, especially in the context of this case, for a defective condition may be the result of the negligent act or omission of a political subdivision or its agent. It is nevertheless necessary to examine the allegations contained in the complaint to determine their essential character. Since this case comes before the court in the posture of a motion to strike, these allegations must be "construed in a manner most favorable to the pleader." Amodio v. Cunningham, 182 Conn. 80, 81, 438 A.2d 6
(1980).
The accident in question allegedly occurred as a result of construction activities relating to work on a water main. The city contends that, "The condition claimed to be central here is the placing of directional signs at the construction site." Signs are "part of the physical appurtances of the street." O'Hare v. CT Page 1450 City of Detroit, 362 Mich. 19, 106 N.W.2d 538, 540 (1960), and negligently placed or improperly maintained signs may make a road defective for purpose of the defective road statute. Steurer v. Yuhasz, 29 Conn. Sup. 352, 287 A.2d 643 (1972). See Stephen v. City and County of Denver, 659 P.2d 666 (Colo. 1983), and authorities cited therein. If the plaintiff's allegations did indeed rest solely on the improper placement of signs, the city's motion to strike would have considerable force. That is not, however, the case. The plaintiff has instead alleged a constellation of negligent acts and omissions involving a water main construction project that he claims caused his injury. This is a different matter altogether.
"Where the municipality through its agent or employee acts in the performance of a governmental duty, it has a limited immunity from liability. . . but when the act complained of is ministerial, the municipality is responsible for its negligent execution." Wright v. Brown, 167 Conn. 464, 471, 356 A.2d 176 (1975)."[A] municipality acts ministerially in constructing and repairing public improvements or works. . .and hence is liable to persons injured by negligence in the performance of such corporate duties. . . . This rule of liability has been applied in a wide variety of situations, including, inter alia, the construction of. . . waterworks." 18 E. McQuillan, The Law of Municipal Corporations 269-70 (3d ed. 1984).
For the foregoing reasons, the City's motion to strike must be denied.
Dated at Waterbury this 15th day of February, 1991.
JON C. BLUE, JUDGE OF THE SUPERIOR COURT