[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION FOR SUMMARY JUDGMENT
The Town of Farmington moves for Summary Judgment on the grounds that Farmington had no control over a stop sign erected under the authority of the state on a state right of way and therefore had no duty to maintain it.
The plaintiff, Geraldine Urbanucci, filed a three count revised complaint on October 3, 1988 against Keith and Maria McLellan, the Commissioner of Transportation of the State of CT Page 7711 Connecticut ("Commissioner") and the Town of Farmington. ("Town").
For the purposes of this motion, it is undisputed that on July 2, 1986, the plaintiff and the defendant Keith McLellan were involved in an automobile accident at or near the intersection of Wolf Pit Road and Birdseye Road in Farmington. The plaintiff alleges that overhanging tree limbs and branches obstructed her view of the stop sign at the intersection, thereby causing the accident and her injuries.
In the first count, the plaintiff sues Keith and Maria McLellan, operator and owner of the automobile with which the plaintiff's automobile collided, for negligence.
In the second count, the plaintiff sues the Commissioner pursuant to General Statutes 13a-144 for violating the duty to keep and maintain the highways in a reasonably safe condition.
In count three, the plaintiff sues the Town of Farmington for violating General Statutes 13a-149. The plaintiff timely notified the Town of her intention to sue on August 7, 1986. General Statutes 13a-149.
The Town filed its answer and special defense to the revised complaint on June 14, 1989. The plaintiff denied the special defense on June 19, 1989, which closed the pleadings between the parties. P.B. 379. On April 15, 1991, the Town moved for summary judgment, and filed a memorandum in support; the affidavit of James Bonini, Farmington's highway superintendent; the affidavit of James Grappone, the engineer of the Town; and a partial transcript of the plaintiff's deposition. The Town's basis for summary judgment is that the stop sign, the subject of this action, was placed by the State of Connecticut on land owned and controlled by the State, and that the Town had no duty to maintain it. The Town argues that there are no genuine questions of fact and that it is entitled to judgment as a matter of law.
On July 5, 1991, the plaintiff filed a memorandum of law in opposition to the motion, the affidavits of the plaintiff and her sister, and copies of various deposition transcripts. The plaintiff argues that there are genuine issues of material fact and, therefore, summary judgment should be denied.
"A motion for summary judgment should be granted only when the pleadings, affidavits and other proof show that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law. Practice Bk. 384." Orenstein v. Old Buckingham Corporation, CT Page 7712205 Conn. 572, 574, 534 A.2d 1172 (1987). A material fact has been defined as a fact which will make a difference in the result of a case. Catz v. Rubenstein, 201 Conn. 39, 48,513 A.2d 98 (1986). "The party moving for summary judgment has the burden of showing the absence of any genuine issue as to all the material facts." State v. Goggen, 208 Conn. 606, 615,546 A.2d 250 (1988) (citation omitted). "Because the burden of proof is on the moving party, the facts presented must be viewed in the light most favorable to the party opposing the motion." Id, at 616. "In passing on a motion for summary judgment, the trial court is to determine whether an issue of fact exists but may not try that issue if it does exist." McColl v. Pataky, 160 Conn. 457, 459, 280 A.2d 146 (citations omitted).
General Statutes 13a-149 states in pertinent part that "[a]ny person injured in person or property by means of a defective road or bridge may recover damages from the party bound to keep it in repair."
A defect outside state highway limits cannot support statutory liability for an injury occurring within the highway limits when there is no duty to repair. Heller v. Brown,29 Conn. Sup. 365, 367, 288 A.2d 906 (C.P. 1971). "The statutory liability of the commissioner exists only in the case of a traveler on a highway or sidewalk `which it is the duty of the commissioner. . .to keep in repair.'" Id. (citations omitted).
In support of summary judgment, the Town argues that the plaintiff will not be able to sustain her burden of proof as to her exercise of due care. Furthermore, the Town asserts that the plaintiff cannot establish that the municipality had any duty to maintain the state erected stop sign located on state land and allegedly obstructed by vegetation growing on state property. Finally, the Town maintains that the plaintiff cannot prove that its alleged failure was the sole proximate cause of her injury.
The Town asserts that, pursuant to General Statutes13a-110, the state has the obligation of maintaining a stop sign after erecting it. General Statutes 13a-119, states:
 The commissioner, whenever in his opinion the same is necessary, shall on any state highway, and may on any town highway, erect and maintain suitable warning and directional signs for the guidance of persons traveling thereon and may erect and maintain traffic control signals, devices, signs and marking on state CT Page 7713 highways, as approved by the state traffic commission. All of such signs and devices shall conform to the specifications of the manual of uniform traffic control devices as approved and revised by the state traffic commission.
The Town relies on Steurer v. Yuhasz, 29 Conn. Sup. 352,287 A.2d 643 (Super.Ct. 1972) to support its proposition. Steurer, however, states that the city has the duty to maintain a stop sign that it erects. Steurer, at 353-54. Furthermore, General Statute 13a-119 does not require the state to maintain a stop sign after erecting it. Issues of fact remain as to who is in control of the subject stop sign.
There are issues of fact in dispute as to who is in control of the stop sign. The Town has not met its burden of proving that it was not in control of the stop sign. Accordingly, the Town's motion for summary judgment is denied.
M. HENNESSEY, J.