CLARA HEWISON, ADMINISTRATRIX, *vs.* THE CITY OF NEW HAVEN.

Any object in, upon or near the traveled path of a highway which would necessarily obstruct or hinder one in the use of the way for the purpose of traveling thereon, or which from its nature and position would be likely to produce that effect, will, as a general rule, constitute a defect in the highway.

But those objects which have no necessary connection with the road bed or relation to the public travel thereon, and the danger from which arises from mere casual proximity and not from the use of the road for the purpose of traveling thereon, will not as a general rule render the road defective.

Where a flag was suspended by private individuals across a public street of a city, with iron weights at the lower corners which were liable to become detached by the motion of the flag in the wind and to fall upon persons passing below, and one of the weights became detached in this manner and fell upon and injured a traveler on the highway who was in the exercise of reasonable care, it was held that the city was not liable for the injury under the duty imposed upon it by law to keep the street "in good and sufficient repair."

An allegation of duty without stating the facts which raise the duty, is insufficient; and if the facts stated do not raise the duty alleged, the allegation of duty is immaterial.

ACTION on the statute "concerning highways and bridges," which gives a right of action for injuries received by means of any defective bridge or road against the town or other corporation which ought to keep the same in repair; brought by the plaintiff as administratrix of James Hewison, deceased, to the superior court in Fairfield county.

The declaration was as follows:—"That on the first day of November, 1864, a certain street and highway in said city of

New Haven, and running through said city, known as Chapel street, which it was the duty of the defendants, under and by force of their said act of incorporation, to keep in good and sufficient repair and free from nuisances and obstructions which would endanger the safety of persons traveling thereon, at a place in said city a little northerly of the intersection of said street with Church street, so called, was, through the neglect of the defendants, insufficient, defective, and dangerous to persons traveling over and along the same, by reason of a large piece of cloth being suspended perpendicularly over and across the same about twelve feet above the level of said street, and attached to buildings on each side of said street, by persons unknown to the plaintiff, with heavy iron weights attached to the same in such manner and so insecurely that the said weights were liable to fall, or by force of the wind operating upon said piece of cloth to be projected with great force, upon and against persons traveling along said street. And the plaintiff says that on the day and year last aforesaid the said James Hewison was passing along said street, at or near the portion of the same across and over which said piece of cloth was suspended as aforesaid, and then and there one of said iron weights so attached to the said piece of cloth as aforesaid, was, by force of the wind blowing the said piece of cloth and by reason of being so insecurely attached to the same as aforesaid, thrown and projected against the said James Hewison, striking him upon his head and breaking his skull, whereby the said James was subjected to great pain and suffering, and in consequence whereof he afterwards, to wit, on the day and year last aforesaid, died; whereby and by force of said statute the defendants became and are liable to pay to the plaintiff as administratrix as aforesaid, the damages which the said James Hewison sustained as aforesaid, which she says are ten thousand dollars ; for the recovery of which said damages an action has accrued to the plaintiff, as administratrix as aforesaid, the defendants never having paid the same, though often requested and demanded ; which is to the damage of the plaintiff as such administratrix, the sum of

ten thousand dollars, for the recovery of which, with costs, this suit is brought."

The defendants demurred to this declaration, and the case was reserved, on the demurrer, for the advice of this court.

*C. R. Ingersoll* and *Watrous*, in support of the demurrer, cited *Chidsey* v. *Canton*, 17 Conn., 475 ; *Borough of Stonington* v. *States*, 31 id., 213 ; *Vinal* v. *Dorchester*, 7 Gray, 421 ; *Hixon* v. *City of Lowell*, 13 id., 59 ; *Keith* v. *Easton*, 2 Allen, 552 ; *Barber* v. *City of Roxbury*, 11 id., 318 ; *Ray* v. *City of Manchester*, Am. Law Reg., Feb. 1867, p. 250 ; *Kidder* v. *Dunstable*, 7 Gray, 104 ; *Shepherd* v. *Chelsea*, 4 Allen, 113.

*Beardsley*, contra, cited *House* v. *Metcalf*, 27 Conn., 632 ; *Dimock* v. *Town of Suffield*, 30 id., 129 ; *Drake* v. *Lowell*, 13 Met., 292 ; *Bigelow* v. *Randolph*, 14 Gray, 543.

CARPENTER, J. The law is well settled that an allegation of duty without stating the facts which raise the duty is insufficient. It is equally true that if the facts stated do not raise the duty alleged the allegation of duty is immaterial. *Priestly* v. *Fowler*, 3 Mees. & Wels., 1 ; *Seymour* v. *Maddox*, 5 Eng. L. & Eq. R. 265 ; *Hayden* v. *Smithville Manufacturing Company*, 29 Conn., 548.

In this case the duty alleged has reference solely to the removal of the obstruction or nuisance which caused the injury ; and the character and situation of the nuisance are particularly described in the declaration. This duty is further limited in the declaration, as arising from the general statute concerning highways and bridges. The declaration contains but one count, and that is founded upon the statute. We have no occasion therefore to inquire whether the city charter imposes upon the defendant the duty contended for by the plaintiff. If the statute in question imposes no such duty, it is manifest that the declaration is insufficient.

The first section, page 492, makes it the duty of towns to "make, build, and keep in good and sufficient repair, all the necessary highways and bridges within the limits of such

towns." The sixth section is designed to enforce this duty, and is as follows :—"If any person shall lose a limb, break a bone, or receive any bruise or bodily injury, by means of any defective bridge or road, the town, person, persons, or corporation, which ought to keep such road or bridge in repair, shall pay to the person so hurt, or wounded, just damages."

The duty of keeping this highway in repair, prior to 1862, rested upon the town of New Haven; but the legislature of that year transferred this duty, and consequently the liability, from the town to the city. The duty of the city since that time in no respect differs from the duty of the town before. The statute must have the same construction, whether applicable to a town or city; so that the broad question is here presented, whether an object suspended over the highway entirely out of the way of travelers, yet dangerous to them by reason of its being insecurely fastened, renders such way defective. This precise question was involved in the discussion of the case of *Jones* v. *The City of New Haven*, ante, page 1, but a decision of it being unnecessary to a disposition of that case, it was left undetermined. In that case it was not seriously contended that no *duty* rested upon the defendant in respect to the matter which caused the injury; but it was strenuously urged that, inasmuch as the duty was a corporate one for public purposes, the defendant was not *liable for a breach of the duty*, unless expressly made so by statute. The principal question there was whether *liability* attached to a breach of duty. We held that it did. The question here is whether any *duty* rested upon the defendant. There is a further distinction between that case and this, in respect to the liability, if it be conceded in this case that the defendant has been guilty of any breach of duty. In that case we held the defendant liable, not under the general statute, upon which this suit is brought, and which imposes duties upon towns *without their consent*, but under the city charter, by accepting which the defendant, for a consideration, *voluntarily* entered into a contract with the public to discharge the duty in question. This distinction is an important one, as will be seen by a reference to the opinion in that case. But the

question now before the court is one of duty, and not of liability for a breach of duty.

The decision of this case must obviously depend upon the construction to be given to the statute upon which it is brought.

It must be borne in mind that, while every defect in a highway which obstructs, hinders or endangers travelers thereon, is a nuisance, yet it is not every nuisance which obstructs, hinders or endangers travelers upon a highway, that constitutes a defect of the highway within the meaning of this act. In *Hixon* v. *City of Lowell*, 13 Gray, 59, the court say : " The traveler may be subjected to inconvenience and hazard from various sources, none of which would constitute a ' defect or want of repair' in the way for which the town would be responsible. He might be annoyed by the action of the elements ; by a hail storm, by a drenching rain, by piercing sleet, by a cutting and icy wind, against which, however long continued, a town would be under no obligation to furnish him protection. He might be obstructed by a concourse of people, by a crowd of carriages ; his horses might be frightened by the discharge of guns, the explosion of fireworks, by military music, by the presence of wild animals ; his health might be endangered by pestilential vapors, or by the contagion of disease ; and these sources of discomfort and danger might be found within the limits of the highway, and continue for more than twenty-four hours, and yet that highway not be, in any legal sense, defective or out of repair. .It is obvious that there may be nuisances upon traveled ways for which there is no remedy against the town which is bound by law to construct and maintain the way. If the owner of a distillery, for example, or of a manufactory adjoining the street of a city, should discharge continuously from a pipe or orifice opening toward the street a quantity of steam or hot water, to the nuisance and injury of passers by, they must certainly seek redress in some other mode than by an action for a defective way. If the walls of a house adjoining a street in a city were erected in so insecure a manner as to be liable to fall upon persons passing by, or if the eaves-trough or

water conductor was so arranged as to throw a stream from the roof upon the side walk, there being in either case no structure erected within or above the traveled way, it would not constitute a defect in the way."

A water wheel may be a nuisance that will render the *owner* liable civilly to a person who sustains an injury thereby. *House* v. *Metcalf*, 27 Conn., 631. So also springguns, set outside the limits of the highway, which endanger passers by, are a nuisance, and the person setting them may be indicted, and would be liable to an action at the suit of a party injured. *State* v. *Moore*, 31 Conn., 479. Other instances might be given, but it is unnecessary. In any of these cases, it would be a novel doctrine to hold that a highway surveyor would have a right, by virtue of his office, to interfere and abate or remove the nuisance.

But other nuisances exist concerning which there is more doubt, and to them we will now turn our attention.

The plaintiff claims that it was the duty of the city to keep the highway free from nuisances, either upon or over it, which would render it unsafe or inconvenient for public travel. The defendant claims that a road can only be rendered defective by something in or upon the road bed itself. We think the plaintiff's claim is too broad. We are not prepared to establish the doctrine that everything which renders the highway unsafe makes it defective within the meaning of this act. Such a construction would impose heavy and unnecessary burdens upon towns. It would in effect make them insurers, for the time being, of the safety of travelers upon the highway; a liability to which the legislature never intended to subject them. If they had so intended, it must be presumed that they would have expressed such intention in clear and unmistakeable language. They have not only failed to do this, but the language used, taken in connection with other parts of the statute, shows that such was not their intention.

It seems to have been a matter of doubt whether a bridge, or a part of the highway raised above the adjoining ground, although dangerous, was defective; and hence a railing was

expressly required at such places, for the purpose of protecting the " *safety of travelers.*"

Here then was one danger specially provided for. The legislature must have been aware that other dangers existed, or might exist, and yet they made no provision for them. What is the inference ? Not only that they did not suppose that the language used was broad enough to embrace every possible danger, but also that they did not intend to make towns liable in cases not expressly provided for. We ought not therefore to extend this statute by construction. *Chidsey* v. *Canton*, 17 Conn., 475.

On the other hand, we think the construction contended for by the defendant is too limited. To construe the word " defective" as applying to the road bed only, would partially defeat the purpose which the legislature had in view ; for it is obvious that there may be objects off the road bed, yet so near it, either on one side or over it, as seriously to impede the public travel. That it was intended to make it the duty of towns to keep the highway clear of such obstructions, seems hardly to admit of a doubt.

To define in general terms the precise limits of the duty of towns in these cases is not an easy matter, as each case must depend very much upon its own peculiar circumstances. The following however may be an approximation to it. Any object in, upon, or near the traveled path, which would necessarily obstruct or hinder one in the use of the road for the purpose of traveling thereon, or which, from its nature and position, would be likely to produce that result, would generally constitute a defect in the highway. For example, branches of a tree hanging over the road bed near the ground, necessarily obstruct the use of the way, and should be removed by the town ; and any object upon or near the traveled path, which, in its nature, is calculated to frighten horses of ordinary gentleness, being likely to obstruct the use of the way, may constitute a defect in the way itself. In these cases the use of the way necessarily cooperates with the nuisance in producing the injury ; neither the use of the way, nor the nuisance, will, of itself, have that effect. If the two

combined will necessarily, or probably, result in harm, it seems fair to presume that it was the intention of the legislature to make the town responsible for the removal of such a nuisance.

On the other hand, those objects which have no necessary connexion with the road bed, or the public travel thereon, and which may expose a person to danger, not as a traveler, but independent of the highway, do not ordinarily render the road defective. For example, trees or walls of a building standing beside the road, and liable to fall by reason of age and decay, or from other cause; or any object suspended over the highway so high as to be entirely out of the way of travelers; these, and like objects, may be more or less dangerous, but they do not obstruct travel. A person may be injured by them, but the use of the way, as such, does not necessarily conduce to the injury; he will be quite as likely to be injured while standing on the way, as while in motion; quite as likely to be injured while off the way as while on it. The tree or other object may or may not fall; it may or may not fall upon the highway; if it does, it may or may not fall upon a person traveling thereon; such a coincidence may possibly occur; but it is certainly not to be expected as a probable event. Such objects may be nuisances, which ought to be removed; but the act in question has not imposed that duty upon towns. The cause of injury in this case belongs to the latter class of nuisances; and the injury itself seems to have been the result of accident, rather than of any breach of duty on the part of the city.

An examination of a few of the cases cited in the argument will confirm the views above expressed. In *Chidsey* v. *Canton*, 17 Conn., 475, the plaintiff's wife and daughter were injured by the neglect of the town, in consequence of which he had lost their services and had incurred expense in nursing and caring for them. The action was brought to recover the damages thus sustained. It was decided that he could not recover, the court refusing to extend the operation of the statute beyond the plain import of the words used.

In the case of *Dimock* v. *Town of Suffield*, it was held

that a nuisance outside of the traveled path might constitute a defect in the highway; but that to make the town liable for neglect to remove such an object the case should be a very clear one.

In Massachusetts they have a statute much more comprehensive than ours. It provides that "all highways shall be kept in repair, so that the same may be *safe* and convenient for travelers, at all seasons of the year." And again; the surveyor of highways has power "to remove all gates, bars, enclosures, or other things, that shall in any manner obstruct or incumber any highway, or incommode or *endanger* persons traveling thereon."

Under this statute the court held, in *Drake* v. *Lowell*, 13 Met., 292, that it was the duty of the city to remove a defective awning projecting over the side walk from an adjoining building. But in *Hixon* v. *Lowell*, 13 Gray, 59, the court refused to extend the operation of the principles of that decision to a case where the only defect in the highway was the projection, from the roof of a building, of a mass of snow and ice which had gradually collected upon it, and had slid and been pressed forward by the snow above it, until it overhung the traveled way, and rendered passing beneath it dangerous. In the latter case the court say: "In most cases the town has discharged its duty when it has made the surface of the ground, over which the traveler passes, sufficiently smooth, level and guarded by railings, to enable him to travel with safety and convenience by the exercise of ordinary care on his own part. There may be many causes of injury to which he might be exposed in traveling upon such a way, which would not constitute any defect or want of repair in the way itself. The town, if it has done its duty in making the way safe and convenient in all the proper attributes of a way, is not obliged to insure the safety of those who use it." Again: "The liability of towns for injuries caused by defective ways is created by statute; and is not to be extended by construction beyond the limits which a reasonable interpretation of the statute establishes."

We think these principles are sound and applicable to this case.

The plaintiff's declaration is insufficient.

In this opinion the other judges concurred.