[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: DEFENDANT'S MOTION TO STRIKE (#118)
 Facts
On November 24, 1998, the plaintiff, Chris Savaria, filed a three count complaint against the defendants, the Town of Groton, Winding Hollow Owners Association and Groton Public Utilities, arising out of alleged injuries the plaintiff sustained when a street lamp pole and its component parts located on Leefwood Street in Groton, Connecticut fell and struck him. For purposes CT Page 12386 of the present motion to strike, only count three of the plaintiff's complaint is relevant.
In count three, the plaintiff alleges that the defendant, Groton Public Utilities,[1] as a department of the Town of Groton, was responsible for the maintenance, control, possession and upkeep of street lights and poles located on Leefwood Street in Groton. The complaint further alleges that the plaintiff's injuries were a result of the defendant's negligence and carelessness in maintaining, controlling and upkeeping the street lamp and pole which fell and injured the plaintiff.
On June 9, 1999, the defendant filed a motion to strike count three of the plaintiff's complaint and a memorandum of law in support. The plaintiff filed an objection to the defendant's motion to strike on August 12, 1999.
 Discussion
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any [complaint] . . . to state a claim upon which relief can be granted." (Internal quotation marks omitted.) Peter-Michael, Inc. v. Sea ShellAssociates, 244 Conn. 269, 270, 709 A.2d 558 (1998). The court "must take as true the facts alleged in the plaintiff's complaint and must construe the complaint in the manner most favorable to sustaining its legal sufficiency." (Internal quotation marks omitted.) Id. "Whether a highway is defective may involve issues of fact, but whether the facts alleged would, if true, amount to a highway defect according to the statute is a question of law which may be determined on a motion to strike." Sanzone v. Boardof Police Commissioners, 219 Conn. 179, 201, 592 A.2d 912 (1991).
As previously stated, the plaintiff alleges in count three that the defendant was careless and negligent in maintaining, controlling and upkeeping the street lamp and its component parts which subsequently fell and allegedly injured the plaintiff. The defendant moves to strike this count on the ground that it involves a claim for injury resulting by means of a highway defect and therefore must be pursued under General Statutes §13a-149. Having failed to commence this claim pursuant to §13a-149, the defendant states that the plaintiff's claim is insufficient as a matter of law. In opposition, the plaintiff contends that § 13a-149 is inapplicable to his claim because he was not a "traveler" on the highway at the time of his injury. CT Page 12387
General Statutes § 13a-149 provides in relevant part: "Any person injured in person or property by means of a defective road or bridge may recover damages from the party bound to keep it in repair. No action for any such injury sustained on or after October 1, 1982, shall be brought except within two years from the date of such injury. No action for any such injury shall be maintained against any town, city, corporation or borough, unless written notice of such injury and a general description of the same, and of the cause thereof and of the time and place of its occurrence, shall, within ninety days thereafter be given to a selectmen or the clerk of such town, or to the clerk of such city or borough, or to the secretary or treasurer of such corporation." General Statutes § 13a-149.
It is well established that "an action under the highway defect statute, § 13a-149, is a plaintiff's exclusive remedy against a municipality or other political subdivision for damages resulting from injury to any person or property by means of a defective road or bridge." (Internal quotation marks omitted.)Sanzone v. Board of Police Commissioners, supra, 219 Conn. 192. This court must determine whether the plaintiff's injuries were caused by a "highway defect" within the meaning and intent of §13a-149.
The Connecticut Supreme Court has distinguished "highway defects from those objects `which have no necessary connection with the road bed, or the public travel thereon, and which may expose a person to danger, not as a traveler, but independent of the highway . . .'" Id., 202, quoting Hewison v. New Haven,34 Conn. 136, 143, 91 AmDec 718 (1867). Moreover, "if there is a defective condition that is not in the roadway, it must be so direct a menace to travel over the way and so susceptible to protection and remedial measures which could be reasonably applied within the way that the failure to employ such measures would be regarded as a lack of reasonable repair." Comba v.Ridgefield, 177 Conn. 268, 271, 413 A.2d 859 (1979); see alsoSanzone v. Board of Police Commissioners, supra, 219 Conn. 202.
In Hewison v. New Haven, supra, 34 Conn. 136, the plaintiff, as administratrix for the decedent, James Hewison, alleged that Hewison was "passing along" a public street in New Haven when he was stricken in the head by an iron weight which was insecurely attached to a piece of cloth spanning between two buildings and over a public street. See id., 137. Based upon these facts, the CT Page 12388 court determined that a highway defect is "[any object in, upon,or near the traveled path, which would necessarily obstruct orhinder one in the use of the road for the purpose of travelingthereon, or which, from its nature and position, would be likelyto produce that result, would generally constitute a defect inthe highway." (Emphasis added.) Id., 142; see also Sanzone v.Board of Police Commissioners, supra, 219 Conn. 202. The court decided that the plaintiff's injuries were the result of a highway defect.
In determining what constitutes a highway defect and what the limits of the duty of towns in such cases ought to be, the court stated that "the use of the way necessarily cooperates with thenuisance in producing the injury; neither the use of the way, northe nuisance, will, of itself, have that effect. If the twocombined will necessarily, or probably, result in harm, it seemsfair to presume that it was the intention of the legislature tomake the town responsible for the removal of such a nuisance." (Emphasis added.) Hewison v. New Haven, supra, 34 Conn. 142-143. The court, noting case law from other jurisdictions, also stated that, "[i]n most cases the town has discharged its duty when it has made the surface of the ground, over which the traveler passes, sufficiently smooth, level and guarded by railings, to enable him to travel with safety and convenience by the exercise of ordinary care on his own part. There may be many causes of injury to which he might be exposed in traveling upon such a way, which would not constitute any defect or want of repair in the way itself. The town, if it has done its duty in making the way safe and convenient in all the proper attributes of a way, is not obligated to insure the safety of those who use it." (Internal quotation marks omitted.) Id., 144.
Accordingly, a malfunctioning traffic light was held to be a highway defect since it is considered part of the defective road. See Sanzone v. Board of Police Commissioners, supra,219 Conn. 203.
A walkway was within the purview of § 13a-149 where it was determined to be public property and it was reasonablyanticipated that the public would make use of it. See Novicki v.New Haven, 47 Conn. App. 734, 740, 709 A.2d 2 (1998). Also, the failure of a city to maintain a stop sign constituted a defect within the meaning and intent of § 13a-149. See Steurer v.Yuhasz, 29 Conn. Sup. 352, 354, 287 A.2d 643 (1972). CT Page 12389
In Comba v. Ridgefield, supra, 177 Conn. 271, however, the court determined that an overhanging tree limb which fell on the plaintiff while she was a passenger in a vehicle using a public highway did not fall under the highway defect statute, primarily because the tree limb "did not obstruct, hinder or operate as a menace to travel. It was a condition that could cause injury, but that injury could result even to one who was not a traveler on the highway. A person could be injured by the limb; but the use of the highway, as such, would not necessarily have led to the injury." Id. This case is easily distinguishable, however, in that a street lamp pole is presumably installed by the town for the purposes of aiding anyone on that public street to be able to use the street in a safe manner, while an overhanging tree limb is a product of nature with no immediate, ascertainable use by an individual on the public way.
In a case strikingly similar to the present case, the Connecticut Supreme Court affirmed the trial court's determination that the plaintiff's allegations of injuries due to negligent maintenance and upkeep of a lighted utility pole constituted a cause of action within the terms of the defective highway statute. See Wenc v. New London, 235 Conn. 408, 412,667 A.2d 61 (1995). In that case, the plaintiff sued the defendants for injuries sustained in an automobile accident wherein the car in which the plaintiff was a passenger struck a utility pole. The plaintiff essentially alleged in his complaint that the defendants were negligent in erecting and maintaining said pole in the public's right of way, such that the defendants should be liable to the plaintiff for his injuries. The trial court granted the defendants' motion to strike the plaintiff's complaint on the ground that the plaintiff failed to plead under § 13a-149. Relying on Sanzone v. Board of Police Commissioners, supra,219 Conn. 179, the trial court held, and the Connecticut Supreme Court affirmed, that the plaintiff's allegations involving a utility pole negligently maintained on public property fell within the highway defect statute, § 13a-149.
Clearly, a street lamp pole on a public way also falls within the meaning and intent of the highway defect statute. A street light installed by a town or city has the purpose of aiding users of the public way to see the area in which they are travelling or operating. It has a clear and necessary connection with the road bed. Because of its importance in aiding those present on the walkway, "it must be so susceptible to protection and remedial measures which could be reasonably applied within the way that CT Page 12390 the failure to employ such measures would be regarded as a lack of reasonable repair." Comba v. Ridgefield, supra, 177 Conn. 271.
Moreover, in interpreting § 13-144, which pertains to state highway defects and contains language very similar to § 13-149, the Connecticut Supreme Court has stated that "[t]he state is not an insurer of the safety of travelers on the highways which it has a duty to repair. Thus, it is not bound to make the roads absolutely safe for travel . . . Rather, the test is whether or not the state has exercised reasonable care to make and keep such roads in a reasonably safe condition for the reasonably prudent traveler." (Citation omitted; internal quotation marks omitted.)Baker v. Ives, 162 Conn. 295, 299, 294 A.2d 290 (1972). "This duty of reasonable care extends to pedestrian travel as well as to vehicular traffic. . . . A person must be on the highway for some legitimate purpose connected with travel thereon in order to obtain the protection of the statute. . . . To qualify, a plaintiff is not obligated to remain seated in a vehicle proceeding on the highway. . . . Reasonable latitude is allowed to meet the exigencies of travel." (Citation omitted; internal quotation marks omitted.) Id; see also Serrano v. Burns,248 Conn. 419, 429, 727 A.2d 1276 (1999).
The plaintiff urges this court to deny the defendant's motion to strike specifically because the plaintiff was not "traveling" on a highway at the time he was injured and was merely on the public street trimming the grass. Section 13a-149 does not define the word "traveling," thus, "the [word] must be given [its] plain and ordinary meaning and [its] natural and usual sense unless the context indicates that a different meaning was intended." (Internal quotation marks omitted.) In re Darlene C.,247 Conn. 1, 10, 717 A.2d 1242 (1998).
Although the plaintiff in the present case was not in or on a vehicle at the time of his injury, or using Leefwood Street to gain access to another road, he was clearly using the public street, albeit for the purposes of trimming the grass. The plaintiff's purpose of physically standing on Leefwood Street was to trim the grass. In order to do so, it was necessary for the plaintiff to use the public way managed by the defendant and to travel from one point on the street to another to achieve his purpose. The purpose of a street lamp pole on a public way is to aid both drivers and pedestrians, whether walking along the road or simply standing by the roadside. This court, therefore, finds that the plaintiff's claim of injury by a negligently maintained CT Page 12391 street lamp pole falls within the meaning and intent of § 13-149. Since the plaintiff has failed to plead under that statute, however, the defendant's motion to strike is granted. Additionally, § 13a-149 provides for a ninety day notice requirement.
 Conclusion
Accordingly, the defendant's motion to strike count three of the plaintiff's complaint is granted.
Mihalakos, J.