[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
In this case, the plaintiff alleges that she stepped into a depression in the ground, claims she was injured and, among others, has sued the City of Ansonia. The City has filed a motion for summary judgment directed against the first count which is based on an alleged violation of the highway defect statute Section 13a-149. The motion basically claims that the plaintiff cannot establish where she fell and, thus, cannot claim she fell at a point or location which it was in the province of the city to maintain under § 13a-149. The defendant City refers to the deposition testimony of the plaintiff. She testified that she left her home to go to a market. She drove into the parking lot of the market which is a solitary store, not part of a strip mall. She parked next to a hospital security vehicle which was itself parked on an angle which coincided with the way the parking lines "used to be" in the lot. The plaintiff said she did not park any further than where certain barriers would be "so it wouldn't be in the sidewalk area." Her car was parked facing CT Page 12984 Division Street with the rear of the car facing the market.
She apparently entered the market to shop and was returning to her car when she fell, but she could not say exactly where she fell. Mrs. Press did say she fell while close to her car while on the driver's side. She remembers walking by the rear of her car, but had not yet gotten to the driver's door.
Later in the deposition, Mrs. Press said that she had not parked on Division Street; she said she knew this because there was a difference in the pavement of the parking lot and Division Street
The following exchange then took place:
Q. "Before you had indicated something about a possibility of a sidewalk in between Division Street and the parking lot?
A. Correct. (Mrs. Press)
Q. That area that you think of as the sidewalk, was that paved the same way as the parking lot, as Division Street, or was it a separate type of pavement?
A. It felt the same way as the parking lot with a tar edge.
Q. And there was a difference between that area and Division Street?
A. Correct. (Transcript, p. 44.)
The plaintiff has attached other portions of the deposition in support of her objection to the motion for summary judgment. The court has examined the material submitted. At one point, the plaintiff was asked to draw a diagram of the area where she fell; when invited to put an "X" at the point where she fell, she could not, and said, "Not on this drawing." An examination of pages 40-42 of the transcript indicates there was a sidewalk along Division Street. Construction work commenced and cement barriers had been removed, but their location could be observed because of the marks they left on the pavement. The barriers had been put up to prevent people from driving forward. Mrs. Press was then asked whether, when the barriers were in place "in between the barriers and Division Street was there a paved sidewalk?" She said, "there seemed to be." As noted, when she parked the barriers had been removed and they left marks. Mrs. Press went on to say that the CT Page 12985 marks were there on August 17, the date of the fall. She was asked if she pulled in beside those marks. She said no, she was trying to judge by where the security van was — she tried to go where the lines normally would be. Earlier she had said that she did this so she would not park in the sidewalk area. The questions then seemed confused because the question was posed — "were you able to tell where Division Street ended and the parking lot began?" But there had been previous testimony that between the lot and the street there was a sidewalk area. Mrs. Press again referred to the security van as her bench mark. But again she was asked whether when she pulled in that day, there was any indication where the lot ended and the traveled portion of the street began. She said right and she did not know how far she committed, she could not remember where the street began, but she was comfortable because she had parked on a proper angle with the security van, which earlier she had said meant that she was not parking in the sidewalk.
A fair reading of the transcript indicates that this lady does not know exactly where she fell but she explicitly stated she did not park her car in the street or the sidewalk. If that is the case, then she could not have fallen in a hole or other defect actually located in the street or sidewalk since she fell close to her car, its rear was directed toward the store and she fell before she got to the driver's door. If the car was not in the street or the sidewalk, it was parked in the lot. If she fell at a point close to her car and before she was at its front end but at the side toward the rear of the car, the hole she fell in had to be in the lot.
The only possible source of confusion that could be pointed to, lies in the excerpt from the transcript quoted above. There Mrs. Press was asked if the sidewalk was paved the same way as the lot, as Division Street or was it a different type of pavement. She chose to answer in the present tense — "It felt the same way as the parking lot with a tar edge." But the court cannot, from this, conjecture that she made these observations the day of the fall and that this indicates that on that day, when she exited her car, she was at some point stepping on the sidewalk. She explicitly said she had not parked her car in the sidewalk at other points in the transcript. Location is an important ingredient of an action under Section 13a-149. Recent case law indicates this statute must be broadly interpreted to accomplish its purpose — protection of the traveling public.Serrano v. Burns, 248 Conn. 419, 425 (1999); relying on an older CT Page 12986 case of Baker v. Ives, 162 Conn. 295 (1972). But, the statute does represent a waiver of immunity by the state regarding the activities of its municipalities, so regard as to the location of the fall must be of importance if a court is to determine whether the defect causing that fall can be held to be an interference with the right of the public to safe travel along public ways. Furthermore, the court has been given transcript testimony and from this it can conclude that the defendant City has raised a viable claim that the defect was not in the road or sidewalk and this suffices to raise a prima facie case for the non-applicability of Section 13a-149. It seems to the court that the burden of explanation should now shift to the plaintiff to show that in fact the defect which cause this lady to fall in fact occurred in the road or sidewalk area and the statute applies pursuant to cases like Homyak v. Fairfield, 135 Conn. 619, 622
(1949) or to show that even if the defect was not so located, there is still a viable cause of action because the defect otherwise interfered with travel. Serrano v. Burns, supra,Sanzone v. Board of Police Commissioners, 219 Conn. 179, 203
(1991), Hewison v. New Haven, 34 Conn. 136, 142 (1987)[1]
 (A)
The standards to be applied on motions for summary judgment are well-known. If there is a genuine issue of material fact the court cannot decide it because parties have a constitutional right to a jury trial. On the other hand, if no genuine issue of fact exists, and the moving party is entitled to prevail on the motion as a matter of law, courts are obliged to grant such motions so that courts are not overwhelmed with matters that do not warrant further litigation and perhaps, more importantly, so that parties against whom non-meritorious claims are advanced do not have to suffer the expense and inconvenience of such litigation.
 (B)
Preliminarily, it should be said that both sides rely on the deposition testimony of the plaintiff, Press. The defendant certainly can since such testimony would constitute an admission. The plaintiff points to certain portions of her own deposition to resist the defendant's motion. Since the court assumes that the deposition was taken under oath, it is difficult to see why, for the plaintiff, the deposition testimony does not serve the function of an affidavit which would also be submitted under CT Page 12987 oath.
The defendant has also not objected to the plaintiff's use of her deposition. The plaintiff, in response to the defendant's motion, has not submitted any counter-affidavit explaining or expanding on her deposition testimony.
 (C)
As noted, the word "road" used in Section 13a-149 has been construed to include sidewalks Homyak v. Fairfield, 135 Conn. 619,622 (1949). The purpose of the statute is to protect the traveling public from defects in, upon or near the traveled path which would necessarily obstruct or hinder one in the use of the road for the purpose of traveling. Hewinson v. New Haven,34 Conn. 136 142 (1867). It is clear that a defect in the road or sidewalk that causes a person injury will subject a municipality to liability under the statute. But as the following discussion of the cases will show, it is clear that the defect need not be in the road or sidewalk for a claim to be sustained. On the other hand, mere proximity of the defect to the road or sidewalk doe not establish liability. For liability to be shown for a defect not in the road or sidewalk, the defect must be a menace to travel. An analysis of cases upholding a finding of liability under Section 13a-149 where the defect is not actually in the road seem to confirm these observations. Thus in Comba v.Ridgefield, 177 Conn. 268 (1979), the court said: "This court inHewinson recognized that the defect need not be part of the road bed itself. It gave, among other examples. tree limbs, overhanging the roadway near the ground which necessarily obstructed the use of the road." Id., 270. Similarly, in Baker v.Ives, 162 Conn. 295 (1972), the court noted that a highway defect does not have to be on the actual traveled portion of the highway. The statute analyzed in that case was Section 13a-144
which has similar language to Section 13a-149. In Baker, the plaintiff parked her car on a dirt and grass strip between the traveled portion of a state highway and a sidewalk — the public was invited to park in this area. As she left her car and walked to the sidewalk, she fell on ice and snow that had accumulated. The court said whether a defect is in such close proximity to the highway as to be considered "in, upon or near the traveled path" is determined on a case by case basis. Id., p. 300. But there must be criteria to make the case by case determination and in footnote 3, at p. 302, the court went on to say, "under the particular circumstances of this case, the proximity of the CT Page 12988 defect to the traveled portion of the highway in conjunction with
the fact that the locus of the fall was in an area whereoccupants of vehicles were invited by the state to park theircars for the purpose of walking from their cars to the stores in the vicinity, warrants the conclusion that (recovery was allowable) under Section 13a-144." (Emphasis added.) In other words, the vehicle occupants were highway users and the state made travel on the road more hazardous by inviting the travelers to use the road for travel by offering a parking area that was in fact dangerous and close to the road.
Similarly, in Serrano v. Burns, supra, a plaintiff slipped and fell in the parking lot of a public rest area connected to a highway and brought suit under Section 13a-144. The court overruled the trial court's granting of summary judgment and said: "facts showing that highway travelers are invited by the state to use a rest stop along the highway may establish that the use of such an area is so closely related to travel upon the highway that such an area is part of the state highway system."248 Conn., at 429. That then is the test, not proximity as such nor location of the defect in the road, but how does any alleged defect affect travelers on the roadway. Sanzone v. Board ofPolice Commissioners, supra, went so far as to hold that a malfunctioning traffic light "although not a physical impediment at street level is `unquestionably' a highway defect under Section 13a-149." 219 Conn. at p. 203.
The just discussed cases support the earlier expressed view that proximity of the defect to the road or sidewalk, where the defect is located in neither one, does not, standing alone, establish liability if the defect does not affect travelers on the highway. Or to put it another way, which perhaps is even more compatible with the reasoning of the case law, in a case where the defect is not actually in the road or sidewalk, proximity of the defect to those pathways only has a material bearing insofar as such proximity bears on the issue of whether the defect presents a danger to travelers on the highway.
The foregoing position is further supported by an analysis of the cases which express the position that even if a defect is close to the roadway, liability under the statute is not
established if travel is not menaced. Thus, in the previously mentioned case of Comba v. Richards, 177 Conn. 268 (1979), the court, as noted, made clear that any defect need not be part of the roadway but then went on to say that for liability to be CT Page 12989 established under Section 13a-149 "if there is a defective condition that is not in the roadway it must be so dire at a menace to travel over the way and so susceptible to protection and remedial measures which could be reasonably applied that the failure to employ such measures would be regarded as lack of reasonable repair." Id., p. 271. The court referred to the early case of Dyer v, Danbury, 85 Conn. 128 (1911). In the case before the Comba court, a poor woman was seriously injured when a tree limb fell on her. The court upheld the trial court's granting of a demurrer to the plaintiff's claims made under Section 13a-149
against the defendant City. The court said at page 271: "The condition alleged in this case did not obstruct, hinder or operate as a menace to travel. It was a condition that would cause injury, but that injury could result even to one who was not a traveler on the highway. A person could be injured by a limb; but the use of the highway, as such, would not have led to the injury." Sanzone v. Board of Police Commissioners,219 Conn. 179 (1991) confirms this view of the case law by distinguishing "highway defects from those objects "which have no necessary connection with the road bed, or the public travel thereon and which may expose a person to danger, not as a traveler, but independent of the highway.'" Id., at page 202.
The court must now apply the case law to the facts of this case. From what has been submitted there does not appear to be any genuine issue of material fact that the defect was not within a road or a sidewalk. The problem here is that the location of the defects as such is not apparent and thus its relation to the road or sidewalk. Assuming that the defect was close to or in proximity to the road or sidewalk, from what has been presented, the court cannot say that such defects "would necessarily obstruct or hinder one in the use of the road for the purpose of traveling thereon." Hall v. Burns, 213 Conn. 446, 462 (1990). For all the evidence submitted shows this woman fell in a defect or hole in a parking lot servicing a small neighborhood market and the lot merely abutted the road or sidewalk.
How can it be said that this defect in a parking lot hindered or obstructed people in the use of the road or sidewalk. This is not Baker v. Ives, supra, where the state invited travelers on the highway to use a parking area or Serrano v. Burns, supra, which involved a parking lot of a public rest area connected to a state highway and obviously used by drivers as an adjunct to their travel on state highways. This woman fell in a private parking lot attached to a single store. CT Page 12990
If liability is found under the statute in such a situation, then if someone is injured going into the driveway of a friend's house with a pothole in it, a claim could be made under the statute — after all, the driveway led into the road and the defect was close to the road. Or municipalities could presumably be held liable for any defect in a parking lot with access to the city road as long as the defect is close to the sidewalk or road — what would the proper measure of proximity be? Ten feet? Fifteen feet? Twenty feet? One wonders.
The court will grant the motion for summary judgment directed at the first count which makes a claim against the defendant City under Section 13a-149.
Corradino, J.