19609

Gary FOX, by his Guardian ad Litem, Jeanette Fox, et al., Respondents,
v. CITY OF COLUMBIA, Appellant.

(196 S. E. (2d) 105)

*Roy D. Bates, Esq.,* of Columbia, *for Appellant,*

*J. Frank Hartman, Esq.,* of *Brooks and Hartman, for Respondents,*

April 16, 1973.

LITTLEJOHN, Justice:

Four plaintiffs have sued the City of Columbia for injuries growing out of an automobile collision at a street intersection. The city demurred to the complaints on the grounds that they did not allege facts sufficient to constitute a cause of action in that they did not set forth a defect in the street, or a defect or mismanagement of anything under control of the city, used in the maintenance and repair of streets for the purpose of travel within the meaning of South Carolina Code of Laws, § 47-70 (1962).

The order of the lower court disposed of the four demurrers with one order. From the order of the lower court overruling the demurrers, the City of Columbia has appealed. In like fashion, this opinion determines all four cases.

The complaints allege that the City of Columbia was negligent in failing to maintain a proper intersection traffic light and in allowing a defect in the roadway, specifically a defective traffic light, when the defendant knew or should have known that it was functioning improperly. More specifically, it is alleged that the traffic light was green for the vehicle in which the plaintiffs were traveling easterly on Gervais Street, and was also green for the vehicle driven by Rutledge Nipson, which was approaching the same intersection traveling

northerly on Gregg Street. It is further alleged that the plaintiff's vehicle collided with the Nipson vehicle at the intersection, causing injuries to the plaintiffs.

The lower court overruled the demurrers, holding that: ". . . The facts included in the aforementioned complaints set forth a condition or defect within the meaning of § 47-70." That section provides, in part:

"Liability for damages from defects in streets, mismanagement, etc.; claims; limitation of actions.—Any person who shall receive bodily injury or damages in his person or property through a defect in any street, causeway, bridge or public way or by reason of a defect or mismanagement of anything under control of the corporation within the limits of any city or town may recover in an action against such city or town the amount of actual damages sustained by him by reason thereof . . ."

The basic question which this Court must answer is correctly set forth in appellant's brief, as follows:

"Does a malfunctioning traffic signal constitute a defect in the street within the meaning of Section 47-70 of the Code of Laws of South Carolina, 1962?"

The question is one of novel impression in this State. From a research of the authorities, we agree with the trial judge when he said:

"The concensus of the cases presented herein clearly establish that a defect in a street or public way may be a condition or object therein which makes streets unsafe and dangerous for travel and use, and the facts included in the aforementioned complaints set forth a condition or defect within the meaning of Section 47-70."

In *Stanley v. S. C. State Hwy. Dept.*, 249 S. C. 230, 153 S. E. (2d) 687 (1967), involving a similar statute and referring to "a defect in any state highway", this Court said:

"The broad general rule may therefore be deduced from our cases that a defect in a highway, within meaning of the

statute, is any physical condition of the improved portion thereof, or the existence of such condition on or overhanging the right of way, which makes the use of the improved portion of the highway unsafe and dangerous to a traveler exercising due care."

The lower court properly overruled the demurrers. The defendant, City of Columbia, shall have twenty days from the filing of the remittitur in which to answer.

Affirmed.

Moss, C. J., and Lewis, Bussey and Brailsford, JJ., concur.