William R. FRETWELL,
Plaintiff-Appellant,

v.

Nancy Jane CHAFFIN,
Defendant-Appellant,

and

City of Knoxville, Defendant-Appellee.

and

Nancy Jane CHAFFIN,
Plaintiff-Appellant,

v.

William R. FRETWELL,
Defendant-Appellant,

and

City of Knoxville, Defendant-Appellee.

Supreme Court of Tennessee.

June 13, 1983.

Robert M. Bailey, Judy Pinkston McCarthy, Knoxville, for William R. Fretwell; Frantz, McConnell & Seymour, Knoxville, of counsel.

Charles C. Burks, Jr., Knoxville, for Nancy Jane Chaffin; Jenkins & Jenkins, Knoxville, of counsel.

Jack W. Bowers, Knoxville, for City of Knoxville.

Michael J. Mahn, County Atty., Chattanooga, amicus curiae for Hamilton County.

John A. Turnbull, Livingston, amicus curiae for Tennessee Trial Lawyers Ass'n.

OPINION

HARBISON, Justice.

These separate property damage actions were consolidated for trial without a jury. The cases arose out of a collision between two automobiles at an intersection in Knoxville, Tennessee. Each driver sued the other for property damage sustained in the collision, and, in addition, each driver sued the City of Knoxville for alleged negligence in the maintenance of a traffic sign on one of the streets. The trial judge concluded that the accident would not have happened but for the fact that the traffic control sign

had been obscured by the foliage of a small tree or shrub. He dismissed the action of each driver against the other and awarded each driver a judgment against the City of Knoxville for his or her respective property damage.

The Court of Appeals reversed, holding that the City was immune from liability for its alleged negligence in the maintenance of the traffic control device. It did not pass upon the issues raised before it as to whether the City was or was not in fact negligent or as to the alleged negligence of each driver and the question of proximate causation. In reaching its decision with regard to the legal duty of the City, the Court of Appeals stated that it recognized that it was following a distinct minority view. However, it did not construe the language of the Tennessee Governmental Tort Liability Act, T.C.A. §§ 29–20–101 to –407, to be broad enough to impose liability for negligent failure to maintain traffic signals. It based this decision largely upon common-law precedents having to do with the earlier dichotomy drawn between "proprietary" and "governmental" functions of municipal governments.

We reverse the decision of the Court of Appeals as to this legal issue. Because it pretermitted essential factual issues which might otherwise have been determinative of the case, we have no alternative but to remand the matter to the Court of Appeals for disposition thereof. It is very important to this Court in the disposition of its caseload that the Court of Appeals not pretermit factual issues which might be dispositive. The scope of review of factual issues in this Court is affected materially by whether there is or is not a concurrent finding of fact between the trial court and the Court of Appeals in non-jury cases. T.C.A. § 27–1–113. To this point in the litigation the factual issues raised in the trial court by the respective drivers and by the City of Knoxville with respect to the operation of the vehicles, observation, lookout, and obedience to the rules of the road remain unreviewed, and these could well be dispositive of the case regardless of whether the City had the legal duty found by the trial court.

■ With respect to that issue, we respectfully disagree with the Court of Appeals. The Governmental Tort Liability Act previously referred to abolished the earlier distinction drawn between "proprietary" and "governmental" functions of local governments as related to tort claims. That dichotomy had developed in an effort by the courts to shield from tort liability essential governmental functions without which public officials simply cannot perform their tasks, in either the judicial, legislative or executive branches. The distinction, however, was a blurred one at best, particularly as between county governments on the one hand and city governments on the other. Numerous cases had been decided dealing with each type of local government, and the identical function was sometimes held to be "governmental" with respect to one government and "proprietary" with the other.

Much dissatisfaction had existed with this body of law prior to the adoption of the present statute, especially regarding some of the activities conducted by executive departments, such as the operation of vehicles and maintenance of public facilities. The General Assembly, following the pattern adopted in a number of other jurisdictions, chose to grant absolute immunity to all local governments, and then to create statutory exceptions thereto. T.C.A. §§ 29–20–201 to –206. Prior case law does not necessarily bear very greatly upon the construction and interpretation of these statutes, except as historical background.

One of the exceptions provided in the statutory scheme is contained in T.C.A. § 29–20–203 as follows:

"(a) Immunity from suit of a governmental entity is removed for any injury caused by a defective, unsafe, or dangerous condition of any street, alley, sidewalk or highway, owned and controlled by such governmental entity.

"(b) This section shall not apply unless constructive and/or actual notice to the governmental entity of such condition be

alleged and proved in addition to the procedural notice required by § 29–20–302."

No question of notice was raised in the present case. The accident occurred on a clear day at the intersection of Highland Avenue and 18th Street in the City of Knoxville. Miss Chaffin was proceeding north on 18th but failed to see the stop sign facing her, allegedly because it was substantially obscured by low branches of nearby trees and by a bush or small tree which had grown up beside it. Mr. Fretwell was proceeding east on Highland Avenue. A police officer was summoned to the scene immediately after the accident. He verified that the stop sign was partially obscured for north-bound traffic on 18th Street. He summoned other officers who allegedly took photographs of the situation, but the City of Knoxville did not produce these at trial. A passenger in Miss Chaffin's automobile did obtain a camera, and four snapshots of the intersection taken by him were filed as exhibits.

Neither driver saw the other until immediately before the accident occurred. Miss Chaffin and her passenger testified that they assumed she had the right-of-way since they did not see the stop sign. Mr. Fretwell was admittedly on the through street, Highland Avenue, and saw the Chaffin vehicle as it approached the intersection, did not stop, and moved out into Highland in front of him. He applied his brakes, skidded forty-five feet, and collided with the left side of the Chaffin vehicle.

■ We are of the opinion that the statutory exception to governmental immunity quoted above is applicable here and that it does embrace street signs and traffic control devices within its terms, as well as the actual surface conditions of streets and sidewalks. As noted by the Court of Appeals, this has been the general interpretation of such statutes by other courts which have considered the issue. A review of the decisions is contained in the recent case of *Stephen v. City and County of Denver*, 659 P.2d 666 (Colo.1983), in which the Colorado Supreme Court rejected a contention that the term "dangerous condition" applied only to the physical conditions of the surface of roads and streets, and did not include the adequate and reasonable maintenance of traffic control signals. *See also De La Rosa v. City of San Bernadino*, 16 Cal.App.3d 739, 94 Cal.Rptr. 175 (1971); *Steurer v. Yuhasz*, 29 Conn.Supp. 352, 287 A.2d 643 (1972); *Brown v. State Highway Comm'n.* 202 Kan. 1, 444 P.2d 882 (1968); *O'Hare v. City of Detroit*, 362 Mich. 19, 106 N.W.2d 538 (1960); *Fox v. City of Columbia*, 260 S.C. 367, 196 S.E.2d 105 (1973).

■ Any doubt as to whether T.C.A. § 29–20–203(a) does or does not include traffic control devices has been removed by the enactment of 1983 Tenn.Pub.Acts, ch. 199, expressly providing that they are included within the terms "street" and "highway." While this amendment is not retroactive, we believe it to be declaratory of the original legislative intent. According to the legislative committee reports it was adopted because of the doubt expressed by the Court of Appeals in the instant case.

It should be noted that the present case involves only the issue of reasonable and adequate maintenance of traffic control devices and signs already erected by local officials. It does not in any way involve the discretionary decision of such officials as to whether traffic control signals or devices are needed in the first instance. Quite different issues could be presented in that regard, and the present decision should not be construed as bearing upon such questions.

The judgment of the Court of Appeals is reversed. The cause is remanded to that court for determination of the factual issues presented by the parties, including the alleged negligence of the respective drivers, whether the City of Knoxville itself was in fact guilty of negligence, and the causal connection, if any, between the negligence of any party and the vehicular collision. Costs incident to the appeal in this Court will be taxed to the City of Knoxville. All

other costs will be adjudged by the Court of Appeals.

FONES, C.J., and COOPER, BROCK and DROWOTA, JJ., concur.