[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: DEFENDANT'S AMENDED MOTION TO STRIKE(#104)
CT Page 10850
I
The plaintiff's complaint against the sole defendant City of Hartford (City) alleges that he suffered injuries while operating a motor vehicle in a collision with another motor vehicle at an intersection of city streets. He specifically alleges that a stop sign which controlled the other vehicle's movement had been knocked down in a prior accident, and that an unnamed Hartford police officer had passed by the intersection (prior to plaintiff's collision) but failed to stop and secure said intersection and direct traffic. . .until a temporary stop sign could be put in place. . . ."
The City moves to strike the complaint on the grounds that (1) this is a highway defect case for which General Statutes § 13a-149 is the exclusive remedy, and the plaintiff has failed to plead the requisite notice and the statute itself; and (2) under General Statutes § 52-557n, the City is protected by the doctrine of governmental immunity.
For the reasons set forth below, the City's amended motion to strike is granted.
 II.
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted. In ruling on a motion to strike, the court is limited to the facts alleged in the complaint. The court must construe the facts in the complaint most favorably to the plaintiff . . . ." (Citation omitted; internal quotation marks omitted.) Waters v. Autuori,236 Conn. 820, 825-26, 676 A.2d 357 (1996). The motion to strike is the proper means of attacking a pleading that "on its face is legally insufficient, although facts may indeed exist which, if properly pleaded, would establish a cause of action upon which relief could be granted . . . ." Gurliacci v. Mayer,218 Conn. 531, 544, 590 A.2d 914 (1991). "A motion to strike is properly granted if the complaint alleges mere conclusions of law that are unsupported by the facts alleged." Novametrix Medical Systems,Inc. v. BOC Group, Inc., 224 Conn. 210, 215, 618 A.2d 25 (1992). CT Page 10851
General Statutes § 13a-149, the highway defect statute, provides: "Any person injured in person or property by means of a defective road or bridge may recover damages from the party bound to keep it in repair. . . . No action for any such injury shall be maintained against any town, city . . . unless written notice of such injury and a general description of the same, and of the cause thereof and of the time and place of its occurrence, shall, within ninety days thereafter be given to a selectman or the clerk of such town, or to the clerk of such city or borough, or to the secretary or treasurer of such corporation."[1] "Whether a highway is defective may involve issues of fact, but whether the facts alleged would, if true, amount to a highway defect according to the statute is a question of law which may be determined on a motion to strike." Sanzone v. Board of PoliceCommissioners, 219 Conn. 179, 201, 592 A.2d 912 (1991).
General Statutes § 52-557n (a) provides in pertinent part: "(1) Except as otherwise provided by law, a political subdivision of the state shall be liable for damages to person or property caused by . . . (C) acts of the political subdivision which constitute the creation or participation in the creation of a nuisance; provided, no cause of action shall be maintained for damages resulting from injury to any person or property by means of a defective road or bridge except pursuant to section13a-149." The Supreme Court has construed § 52-557n "to provide that an action under the highway defect statute, §13a-149, is a plaintiff's exclusive remedy against a municipality or other political subdivision `for damages resulting from injury to any person or property by means of a defective road or bridge.'" Sanzone v. Board of Police Commissioners, supra,219 Conn. 192, quoting General Statutes § 52-557n (a) (1) (C).
In Sousa v. Brookfield, Superior Court, judicial district of Danbury at Danbury, Docket No. 307588 (May 27, 1992, Fuller, J.) (6 Conn. L. Rptr. 468, 469), Judge Fuller concluded that the absence of a stop sign was a highway defect. Judge Fuller said: "In Sanzone v. Board of Police Commissioners, supra, 201-203, it was also held that a faulty traffic light is a highway defect within the meaning of section 13a-149. There is no material difference between a traffic light and a stop sign, and in fact the Sanzone court favorably cited two cases which reached that conclusion. See Brown v. State Highway Commission, 202 Kan. 1,444 P.2d 882 (1968); Fretwell v. Chaffin, 652 S.W.2d 755, 756
(Tenn. 1983)." Sousa v. Brookfield, supra, 6 CONN. L. RPTR. 469. CT Page 10852
Section 52-557n of the General Statutes bars any action based upon a defective highway except for a claim under § 13a-149.Sanzone v. Board of Police Commissioners, supra, 219 Conn. 192. Therefore, I conclude that because § 13a-149 is the plaintiff's sole remedy for a cause of action based on a highway defect, as clearly provided by § 52-557n, the plaintiff's failure to allege a cause of action under § 13a-149 and to provide the statutorily required notice is dispositive of his claim against the City.
In Nance v. AES Thames, Superior Court, judicial district of New London at New London, Docket No. 517886 (September 14, 1995, Hendel, J.) (15 CONN. L. RPTR. 78, 1 Conn. Ops. 1077), relied upon by the plaintiff in the present case, the second count of the complaint alleged that "while [the defendant police officer] was trying to stabilize the decedent at the scene of the accident, [a third party] approached the decedent and forcibly shook her by the shoulders, thus contributing to her death, and [the defendant officer] was negligent in not securing the scene of the accident before attending to the decedent." Id. The defendants moved to strike the second count of the plaintiff's complaint. The defendants argued that the failure to secure the accident scene was a discretionary act while the plaintiff contended that the act was ministerial. Id. Denying the defendants' motion to strike, Judge Hendel concluded that "[t]he issue of whether an act is ministerial or discretionary is generally a question of fact for the fact finder that does not lend itself to resolution by a motion to strike." Id., 15 CONN. L. RPTR. 78, 1 Conn. Ops. 1078, citing Hixsonv. City of Hartford, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 381130 (April 22, 1991, Maloney, J.) (3 CONN. L. RPTR. 492, 6 C.S.C.R. 498).
However, Nance is distinguishable on its facts from the present case. In Nance, the defendant police officer arrived at the scene of a serious automobile accident after it had occurred, with an identifiable victim still present. Nance v. AES Thames,supra, 15 CONN. L. RPTR. 78, 1 Conn. Ops. 1077. Conversely, in the present case, there is only an allegation that a police officer passed by the intersection before the plaintiff's collision. Nothing in the complaint demonstrates when or how long before the plaintiff's collision the stop sign was knocked down. Nor is there any mention of other damaged vehicles, police cruisers or police officers at the intersection when the plaintiff arrived, or the presence of an identifiable victim subject to imminent harm. CT Page 10853 Thus, even though the plaintiff attempts to base liability on the failure of a city police officer to "stop and secure said intersection and direct traffic through . . . until a temporary stop sign could be put in place. . . .", this case, as pleaded, cannot be distinguished from other cases where accidents resulted from missing stop signs. A missing stop sign is a highway defect within the meaning of § 13a-149. Sousa v. Brookfield,supra, 6 CONN. L. RPTR. 469. See also Scully v. Newman,
Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 014838 (Mar. 15, 1996, Karazin, J.), aff'd per curiam, 45 Conn. App. 957, (1997); Dunbar v.Stamford, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 310727 (May 5, 1994, Fuller, J.) (11 CONN. L. RPTR. 448).
Moreover, the City may not be held liable under the circumstances here for failing to replace the stop sign or install another, or take other remedial steps. "Except as otherwise provided by law, a political subdivision of the state shall not be, liable for damages to person or property caused by . . . negligent acts or omissions which require the exercise of judgment or discretion as an official function of the authority expressly or impliedly granted by law." General Statutes § 52-557n (a) (2) (B). "Replacement and installation of stop signs and a policy to perform such tasks is a discretionary and not a ministerial act." Sousa v. Brookfield,supra, 6 CONN. L. RPTR. 469. See also Dunbar v. Stamford,supra, 11 CONN. L. RPTR. 449 (stating that it is obvious that maintenance of highways is a governmental function of a municipality, and the task of replacing and installing stop signs is discretionary in nature); Scully v. Newman, supra, Superior Court, Docket No. 014838, aff'd per curiam, 45 Conn. App. 957
(1997).
Similarly, City employees may not be held liable for failing to replace the stop sign or install another. When a municipal employee is engaged in discretionary acts, as opposed to ministerial acts, there is qualified immunity.[2] Evon v.Andrews, 211 Conn. 501, 505, 559 A.2d 1131 (1989).
It is therefore evident that the plaintiff's complaint against the City is legally insufficient because this is a highway defect case, for which General Statutes § 13a-149 is the exclusive remedy, and the plaintiff has failed to plead the statute or provide the statutorily required notice to the CT Page 10854 defendant. Furthermore, repair or replacement of a damaged stop sign is a discretionary act for which the doctrine of governmental immunity applies.
Therefore, the City's amended motion to strike is granted.
Teller, J.