FILED
May 8, 2018
9:46 AM(CT)
TENNESSEE
WORKERS' COMPENSATION
APPEALS BOARD



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD

| | |
|---|---|
| Torey Andrews | ) Docket No. 2016-05-0854 |
| | ) |
| v. | ) State File No. 58300-2016 |
| | ) |
| Yates Services, LLC, et al. | ) |
| | ) |
| | ) |
| Appeal from the Court of Workers' | ) |
| Compensation Claims | ) |
| Dale Tipps, Judge | ) |

---

### Affirmed and Certified as Final – Filed May 8, 2018

---

The employee sought attorneys' fees and expenses as a result of the employer's alleged wrongful denial of the employee's claim for benefits pursuant to Tennessee Code Annotated section 50-6-226(d)(1)(B) (2016). In an "Agreed Stipulation," the parties acknowledged the employee's entitlement to certain permanent disability benefits and agreed the employee "has the right to seek additional benefits at the conclusion of the [initial] compensation period." Thereafter, the employee filed a "renewed motion" for attorneys' fees and expenses and argued "'wrongfully denies' should be interpreted such that an employer who has denied benefits . . . must pay for attorney's fees/expenses . . . once a favorable decision of employee benefits has been issued absent some compelling reason to the contrary." In response, the employer argued that "wrongful" means more than a mere mistake or error and, in any event, the court should not address the employee's claim for attorneys' fees and expenses prior to the conclusion of the case. The trial court denied the employee's motion for attorneys' fees and expenses, concluding that "'wrongfully' in this context requires more than the mere existence of a denial" and "requires, at a minimum, a finding that the employer's denial lacked good cause." Upon careful consideration of the record, we affirm the trial court's decision on other grounds and certify the compensation order as final.

Judge Timothy W. Conner delivered the opinion of the Appeals Board in which Presiding Judge Marshall L. Davidson, III, joined. Judge David F. Hensley concurred separately.

Samuel B. Garner, Jr., Pulaski, Tennessee, for the employee-appellant, Torey Andrews

John R. Rucker, Jr., Murfreesboro, Tennessee, for the employer-appellee, Yates Services, LLC

## Factual and Procedural Background

Torey Andrews ("Employee"), an assembly line worker employed by Yates Services, LLC ("Employer"), alleged an injury to his back on July 21, 2016, while installing windows in car doors. Employer initially accepted the claim as compensable and provided a panel of physicians. However, Employer denied additional benefits after receiving a medical opinion from the authorized physician indicating Employee's condition did not arise primarily out of his employment. Employee sought treatment on his own and obtained a medical opinion that his injury arose primarily out of his employment. Following an expedited hearing, the trial court accepted the opinion of Employee's physician, found Employee was likely to prevail at trial, and ordered temporary disability and additional medical benefits. That decision was not appealed.

Thereafter, Employee filed a motion for attorneys' fees and expenses. Relying on Tennessee Code Annotated section 50-6-226(d)(1)(B), Employee asserted Employer denied benefits "absent [a] valid basis" and, thus, "wrongfully denied" his claim. Employer opposed the motion and noted section 50-6-226(d)(1) was silent as to when a determination of attorneys' fees and costs should be made. It argued fees and costs should be determined at the end of the case rather than in the midst of the litigation. In denying Employee's motion, the trial court did not explicitly address the meaning of the phrase "wrongfully denies" as used in section 50-6-226(d)(1)(B), but found Employer's actions were reasonable under the circumstances. The court explained that "[i]t is unrealistic to expect [Employer] to continue to provide benefits once the authorized doctor opined the injury was not work-related, and it would be inequitable to punish it for observing the statutory presumption of correctness of that opinion." On appeal, we vacated the trial court's order and remanded the case, concluding "the better practice is to resolve [attorneys' fee disputes] after the litigation has run its course and the parties and the court no longer face uncertainties over future developments." *Andrews v. Yates Servs., LLC*, No. 2016-05-0854, 2017 TN Wrk. Comp. App. Bd. LEXIS 35, at *7 (Tenn. Workers' Comp. App. Bd. May 23, 2017). We further cautioned against "adjudicating disputes over attorney's fees and expenses in piecemeal fashion as the case winds its way through the litigation process." *Id.* at *7-8.[1]

After the case was remanded, the parties entered into an "Agreed Stipulation" indicating "Employee's claimed injury is compensable and [he] is entitled to receive permanent partial disability benefits" based on the calculation described in Tennessee Code Annotated section 207(3)(A) (2017). In addition, the parties agreed "Employee has the right to seek additional benefits at the conclusion of the [initial] compensation

---

[1] We did not foreclose the possibility of an award of attorneys' fees and expenses prior to the conclusion of the case in all instances, "as each case must be evaluated based on the particular circumstances presented." *Id.* at *8.

period."[2]  The parties also asked the court to schedule an additional hearing to address Employee's claim for attorneys' fees and expenses.  In his renewed motion for attorneys' fees and expenses, Employee argued "'wrongfully denies' should be interpreted such that an employer who has denied benefits . . . must pay for attorney's fees/expenses . . . once a favorable decision of employee benefits has been issued absent some compelling reason to the contrary."  In response, Employer argued that the word "wrongful" as used in the statute means more than a mere mistake or error and, in any event, the court should not address Employee's claim for attorneys' fees prior to the conclusion of the case.  The trial court denied Employee's motion for attorneys' fees and expenses, concluding that "'wrongfully' in this context requires more than the mere existence of a denial" and "requires, at a minimum, a finding that the employer's denial lacked good cause."  Employee has appealed.

## Standard of Review

The standard we apply in reviewing a trial court's decision presumes that the court's factual findings are correct unless the preponderance of the evidence is otherwise.  *See* Tenn. Code Ann. § 50-6-239(c)(7) (2017).  However, the interpretation and application of statutes and regulations are questions of law that are reviewed *de novo* with no presumption of correctness afforded the trial court's conclusions.  *See Mansell v. Bridgestone Firestone N. Am. Tire, LLC*, 417 S.W.3d 393, 399 (Tenn. 2013).  We are also mindful of our obligation to construe the workers' compensation statutes "fairly, impartially, and in accordance with basic principles of statutory construction" and in a way that does not favor either the employee or the employer.  Tenn. Code Ann. § 50-6-116 (2017).

## Analysis

The pertinent statute in this case, Tennessee Code Annotated section 50-6-226(d)(1), provides in part:

> In addition to attorneys' fees provided for in this section, the court of workers' compensation claims may award reasonable attorneys' fees and reasonable costs, including reasonable and necessary court reporter expenses and expert witness fees, for depositions and trials incurred when the employer:
>
> . . . .

---

[2] This stipulation culminated in a settlement agreement that was approved by the trial court on February 5, 2018.

3

(B) Wrongfully denies a claim by filing a timely notice of denial, or fails to timely initiate any of the benefits to which the employee is entitled under this chapter, including medical benefits under § 50-6-204 or temporary or permanent disability benefits under § 50-6-207, if the workers' compensation judge makes a finding that such benefits were owed at an expedited hearing or compensation hearing.

As we have noted previously, the legislature did not define the phrase "wrongfully denies" when it enacted section 50-6-226(d)(1)(B). *See Thompson v. Comcast Corp.*, No. 2017-05-0639, 2018 TN. Wrk. Comp. App. Bd. LEXIS 1, at *36 (Tenn. Workers' Comp. App. Bd. Jan. 30, 2018) (Davidson, J., concurring). Indeed, other courts in other contexts have interpreted the word "wrongful" in many different ways, ranging from "a mere mistake or inadvertence to unreasonableness or lack of good cause to bad faith or even malice." *Id.* at *40 (Davidson, J., concurring). Thus, in construing the language of this statute in its form applicable to this case, we have only nominal guidance as to the meaning of the phrase "wrongfully denies."

However, during the 2018 legislative session, the General Assembly amended Tennessee Code Annotated section 50-6-226(d)(1), which now reads as follows:

In addition to attorneys' fees provided for in this section, the court of workers' compensation claims may award reasonable attorneys' fees and reasonable costs, including, but not limited to, reasonable and necessary court reporter expenses and expert witness fees for depositions and trials, incurred when the employer:

. . . .

(B) Wrongfully denies a claim or wrongfully fails to timely initiate any of the benefits to which the employee is entitled under this chapter, including medical benefits under § 50-6-204, temporary or permanent disability benefits under § 50-6-207, or death benefits under § 50-6-210 if the workers' compensation judge makes a finding that the benefits were owed at an expedited hearing or compensation hearing. *For purposes of this subdivision (d)(1)(B), "wrongfully" means erroneous, incorrect, or otherwise inconsistent with the law or facts*.

Pub. Ch. 757, H.B. 2304/S.B. 2475, 110th General Assembly (Tenn. Apr. 18, 2018) (emphasis added). While this recently enacted amendment applies only to work injuries occurring on or after April 18, 2018, we look to the new statute as persuasive authority in

4

evincing the General Assembly's original intent.  *See, e.g.*, *Fretwell v. Chaffin*, 652 S.W.2d 755, 757 (Tenn. 1983) (holding that while a statutory amendment was not retroactive, it was "declaratory of the original legislative intent"); *Washington Cnty. Sch. Sys. v. City of Johnson City*, No. E2016-02583-COA-R9-CV, 2017 Tenn. App. LEXIS 832, at *48-49 (Tenn. Ct. App. Dec. 27, 2017) ("[W]hen analyzing legislative intent, we may view a subsequent, non-retroactive amendment as 'declaratory of the original legislative intent.'  *See Sneed v. City of Red Bank*, 459 S.W.3d 17, 32 (Tenn. 2014).").  Given that this amendment is the legislature's *only* expression of the intended meaning of the phrase "wrongfully denies" in the context of section 226(d)(1)(B), we consider this definition in assessing Employee's claim for attorneys' fees and expenses in the present case.

Here, the trial court determined that "wrongfully," in the context of section 50-6-226(d)(1)(B) as it was then written, "requires, at a minimum, a finding that the employer's denial lacked good cause."  On this point, we respectfully disagree.  There is nothing in the language of the statute supporting a conclusion that an employee must show "lack of good cause" in seeking attorneys' fees and expenses for a wrongful denial of a claim.  Instead, we conclude that the phrase "wrongfully denies" as used in Tennessee Code Annotated section 50-6-226(d)(1)(B) (2016) requires a finding that an employer's denial was erroneous, incorrect, or otherwise inconsistent with the law or facts to support a claim for reasonable attorneys' fees and expenses.

However, that analysis, when applied to the facts of the present case, does not end the inquiry.  We must also determine at what point in time a trial court is to consider the incorrectness of an employer's decision to deny a claim.  In analyzing this issue, we first note that a trial court's decision to award attorneys' fees and expenses pursuant to section 226(d)(1) is discretionary.  The statute provides that a trial court "*may* award reasonable attorneys' fees and . . . costs" under the circumstances delineated above.  Tenn. Code Ann. § 50-6-226(d)(1) (emphasis added).  In *Perdue v. Green Branch Mining Co.*, 837 S.W.2d 56 (Tenn. 1992), the Tennessee Supreme Court addressed a similar statute that authorized trial courts to commute periodic payments of workers' compensation benefits to one or more lump sum payments.  The statute in question, Tennessee Code Annotated section 50-6-229(a), also used the word "may" in authorizing a trial court to commute such payments.  The Supreme Court concluded that "[t]his statute vests discretion in the trial court to permit or refuse lump-sum commutation."  *Id.* at 58.  The Court also concluded that "the discretion thus vested in the trial judge is not absolute but is a judicial one[,] which is reviewable in the appellate courts and may be reversed if the appellate court finds that the decision of the trial court was an abuse of judicial discretion."  *Id.*; *see also Steppach v. Thomas*, 346 S.W.3d 488, 505 (Tenn. Ct. App. 2011) ("The word 'may' used in a statute ordinarily connotes discretion or permission and will not be treated as a word of command.").  Thus, we conclude the use of the word "may" in Tennessee Code Annotated section 50-6-226(d)(1) vests the trial court with discretion to award or not to

5

award attorneys' fees and expenses pursuant to this section, and we will review any such decision under an abuse of discretion standard.

Next, the statute states a trial court may award reasonable attorneys' fees and expenses "when the employer . . . [w]rongfully denies a claim."[3] Tenn. Code Ann. § 50-6-226(d)(1). We conclude that the plain and ordinary meaning of this language, when read in the context of the statute as a whole, supports a conclusion that a trial court may consider whether an employer's decision to deny a claim was erroneous, incorrect, or otherwise inconsistent with the law or facts *at the time the denial decision was made*. Thus, it is within a trial court's discretion to consider an employer's decision to deny a claim in light of evidence or other information reasonably available to the employer at the time the claim was denied. Moreover, such a determination is fact-dependent, and we do not intend to suggest there is a bright-line test defining the parameters of such a decision. Instead, a trial court may consider the facts and circumstances of each individual case to assess whether an employer's decision to deny a claim was incorrect, erroneous, or otherwise inconsistent with the law or facts at the time the decision was made.[4]

In the present case, the trial court concluded Employer was correct in relying on the authorized treating physician's causation opinion to deny Employee's claim in light of: (1) the presumption of correctness afforded the authorized treating physician's opinion; and (2) the absence of any other, contrary medical opinion available to Employer at that time of the denial decision. Thus, we conclude the trial court did not abuse its discretion in denying Employee's claim for additional attorneys' fees and expenses under these circumstances, as the decision to deny the claim was not erroneous, incorrect, or otherwise inconsistent with the law or facts at the time Employer made the decision.[5]

---

[3] In using the word "employer" in this opinion, we include authorized representatives of an employer as well as authorized representatives of an employer's workers' compensation insurer or adjusting entity. *See* Tenn. Code Ann. § 50-6-102(13) (2017) ("[the term employer] shall include the employer's insurer").

[4] Employee contends that attorneys' fees and expenses should be awarded "whenever an employer denies a claim and a compensation judge *later determines on the merits that the claim should have been allowed*." (Emphasis added.) Section 50-6-226(d)(1) could have easily been drafted to include such an expansive standard, but it was not.

[5] Tenn. Comp. R. & Regs. 0800-02-14-.04(7) (1999) states an employer shall make initial decisions on compensability within fifteen days of receipt of notice of the accident. We caution that an employer should not intentionally fail to obtain and consider information reasonably available at the time a compensability decision is made, or fail to consider new information that becomes available after the initial decision is made. Thus, in evaluating an employee's claim for attorneys' fees and expenses, a trial court may consider not only information reasonably available to an employer at the time the denial decision was made, but also pertinent, additional information or subsequent events that bear on the denial decision. In the present case, for example, once the trial court considered the expert medical proof and issued its expedited hearing order, Employer's denial decision was deemed incorrect and Employer thereafter complied with the trial court's order for benefits.

**Conclusion**

Although we disagree with the trial court's definition of "wrongfully" as used in Tennessee Code Annotated section 50-6-226(d)(1)(B), we nevertheless affirm the trial court's determination and certify the trial court's order denying Employee's renewed motion for attorneys' fees and expenses as final.



**FILED**
**May 8, 2018**
**9:46 AM(CT)**
**TENNESSEE**
**WORKERS' COMPENSATION**
**APPEALS BOARD**

## TENNESSEE BUREAU OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD

| | |
|---|---|
| Torey Andrews | )   Docket No. 2016-05-0854 |
| | ) |
| v. | )   State File No. 58300-2016 |
| | ) |
| Yates Services, LLC, et al. | ) |
| | ) |
| | ) |
| Appeal from the Court of Workers' | ) |
| Compensation Claims | ) |
| Dale Tipps, Judge | ) |

---

### Concurring Opinion – Filed May 8, 2018

---

David F. Hensley, J., concurring in result only.

I agree with the result reached by my colleagues in affirming the denial of the employee's renewed motion for attorneys' fees and costs. However, I believe the majority's decision to apply the definition of "wrongfully" that is included in the 2018 amendment to Tennessee Code Annotated section 50-6-226(d)(1)(B) to the statute applicable in the instant case is misplaced and unnecessary. The majority effectively re-writes part of the applicable statute to mirror the recent amendment, thereby announcing its interpretation of the 2018 amendment in advance of a case in which the amendment is at issue. In my opinion, the definition of "wrongfully" that was added to the 2018 amendment is, in large part, a response to the Appeals Board's decision in *Thompson v. Comcast Corporation*, No. 2017-05-0639, 2018 TN Wrk. Comp. App. Bd. LEXIS 1 (Tenn. Workers' Comp. App. Bd. Jan. 30, 2018) and does not express legislative intent for the manner in which the 2016 statute is to be interpreted. In my view, the 2018 amendment expresses legislative concerns with the Appeal Board's decision in *Thompson* and the General Assembly's intent to define the meaning of "wrongful" rather than leave it to the courts to define the term.[1] Coincidentally, House Bill 2304, which proposed to amend section 50-6-226(d)(1)(B), was filed for introduction on January 31, 2018, the day

---

[1] In *Thompson*, I disagreed with the majority's affirmance of the award of attorneys' fees and costs. As noted in my dissent, it is my opinion that the judges of the Court of Workers' Compensation Claims do not have the authority to award attorneys' fees or costs provided for in section 50-6-226(b)(3) (2017) at an expedited hearing held in accordance with section 50-6-239(d) (2017). However, in the instant case, Mr. Andrews' motion for attorneys' fees and costs was filed long after the trial court's expedited hearing order was entered and is, therefore, not limited by section 50-6-239(d).

1

following the filing of the Appeals Board's decision in *Thompson*. House Bill 2304, as filed for introduction, did not define "wrongfully." An amendment to the bill defining "wrongfully" was adopted and passed on March 26, 2018, and became effective on April 18, 2018.

In *Thompson*, the trial court concluded "the word 'wrongfully' [in section 50-6-226(d)(1)(B)] applies to the phrase 'fails to timely initiate any of the benefits to which the employee is entitled under this chapter.'" *Id.* at *23-24. The Appeals Board disagreed, reasoning that the comma between the two phrases in section 50-6-226(d)(1)(B) and the use of the word "or" between the two phrases "indicates that these phrases are separate and distinct, and the word 'wrongfully' modifies only the first phrase ('wrongfully denies a claim by filing a timely notice of denial')." *Id.* at *25-26. Indeed, the Appeals Board noted in *Thompson* that "[h]ad the General Assembly intended the word 'wrongfully' to modify both phrases, it could have easily included that word twice, or it could have crafted the sentence in a way that applied the modifier to both scenarios." *Id.* at *26. In the present case, the majority relies on the General Assembly's 2018 definition of "wrongfully" to interpret the phrase "wrongfully denies a claim by filing a timely notice of denial" in the applicable 2016 statute. Ironically, the 2018 amendment deleted the provision authorizing an award of attorneys' fees and costs when an employer wrongfully denies a claim "by filing a timely notice of denial."

Having adopted the General Assembly's definition of "wrongfully" in the 2018 amendment as applying to the 2016 statute applicable here, the majority then addresses the point in time that a trial court is to "consider the 'incorrectness' of an employer's decision to deny a claim." It bears noting that the term "incorrectness" does not appear in the applicable statute, but, again, comes from the 2018 amendment defining "wrongfully." In my view, the appropriate starting point for analyzing the applicable statute in the instant case is the point in time the employer timely filed its notice of denial. *See* Tenn. Code Ann. § 50-6-226(d)(1)(B) (2016).

Here, the parties do not dispute that, when the employer timely filed its notice of denial, only one medical causation opinion existed, which was the opinion of the authorized treating physician and, as such, is presumed to be correct. *See* Tenn. Code Ann. § 50-6-102(14)(E) (2017). The physician opined that the employee's condition was not primarily work-related. Based on that opinion, and consistent with the Tennessee Workers' Compensation Act, the employer filed its notice of denial. In my opinion, the majority needed only to consider that the employer's timely decision to file its notice of denial was made when a single medical causation opinion existed, which was, by statute, presumed to be correct. Respectfully, it was unnecessary here, in my view, to look beyond that determination or to adopt a definition from the 2018 amendment to Tennessee Code Section 50-6-226(d)(1)(B) as applying to the applicable 2016 statute.